**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3252**

WRITER'S EMAIL ADDRESS
shonmorgan@quinnemanuel.com

July 12, 2023

**BY CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: Response to Plaintiff's July 7, 2023 Rule 28(j) Letter in *Martinez v. ZoomInfo Technologies, Inc.*, No. 22-35305

Dear Ms. Dwyer:

ZoomInfo respectfully responds to Plaintiff's Rule 28(j) letter, Dkt. 68, regarding *Nolen v. PeopleConnect, Inc.*, No. 20-cv-9203, Dkt. 204 (N.D. Cal. June 30, 2023) ("Op.").

In *Nolen*, the plaintiff alleged that the defendant violated California Civil Code § 3344 by using her childhood school photo to solicit subscriptions to a yearbook website. Op. 2, 4, 15. The defendant moved to dismiss, raising only the "narrow issue" whether the defendant "used" the plaintiff's image for advertising, as § 3344 requires. Op. 4. The court thus did not address anti-SLAPP and other protections that California law and the First Amendment afford speech on matters of public interest—protections that require dismissal here. Opening Br. 38-59; Reply 15-30.

Plaintiff cites *Nolen* for the position that § 3344's "use" element did not require that third parties actually view the plaintiff's image. Dkt. 68 at 1-2 (citing Op. 5-7). But a defendant cannot be said to "use" a plaintiff's likeness for "*advertising*," § 3344(a) (emphasis added), if the supposed advertisement *never appears anywhere*. Reply 13.

Moreover, *Nolen*'s analysis of § 3344's "use" element has no bearing on Plaintiff's failure to allege Article III injury-in-fact. A bare statutory violation does not itself constitute Article III injury. Opening Br. 34-35; Reply 9-11. Plaintiff's failure to allege that her preview profile was (or certainly will be) displayed to anyone but her attorneys forecloses any claim of actual or

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

imminent injury. Opening Br. 35-38; Reply 11-14. And even if the actual display of "'photographs depicting Ms. Nolen as a child'" could inflict concrete injury in *Nolen*, Op. 15, Plaintiff does not plausibly allege she suffered concrete economic or mental injury from a (never-displayed) preview profile offering accurate, publicly available information about her professional role as a public-sector union's political director. Opening Br. 21-34; Reply 4-11.[1]

Sincerely,

Shon Morgan
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Counsel for Appellant

---

[1] At oral argument, Plaintiff's counsel suggested that some unspecified information on Plaintiff's preview profile may be private. Oral Arg. 34:08-35:03. Plaintiff has never identified *any* information that is not publicly available elsewhere; nor is any of the information private or sensitive in nature. Opening Br. 9-10; ER-100-117; ER-157 (¶28).

## CERTIFICATE OF COMPLIANCE

The foregoing complies with Fed. R. App. P. 28(j) because the body of this Letter does not exceed 350 words.

By: */s/ Shon Morgan*
    Shon Morgan
    QUINN EMANUEL URQUHART & SULLIVAN, LLP

    Counsel for Appellant