No. 22-35305

# IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

KIM CARTER MARTINEZ,

*Plaintiff-Appellee,*

v.

ZOOMINFO TECHNOLOGIES INC.,

*Defendant-Appellant.*

Appeal from the United States District Court for the Western District of Washington
District Judge Marsha J. Pechman, No. 3:21-cv-05725-MJP-BNW

## PETITION FOR PANEL REHEARING FOR DEFENDANT-APPELLANT ZOOMINFO TECHNOLOGIES INC.

Jeffrey A. Lamken
Lucas M. Walker
Lauren M. Weinstein
Jennifer E. Fischell
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)

Shon Morgan
  *Counsel of Record*
Daniel C. Posner
John W. Baumann
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000 (telephone)
shonmorgan@quinnemanuel.com

*Counsel for ZoomInfo Technologies Inc.*

*(Additional Counsel Listed on Inside Cover)*

Eugene A. Sokoloff
Jordan A. Rice
Kenneth E. Notter III
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
(312) 450-6700 (telephone)
(312) 450-6701 (facsimile)

Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)

Cristina Henriquez
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000 (telephone)

*Counsel for ZoomInfo Technologies Inc.*

# **TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................1

BACKGROUND .................................................................................2

I.     Statutory Background ................................................................2

II.    Plaintiff Sues for Personal Relief Based on ZoomInfo's Directory of
       Accurate Professional Contact Information ....................................3

III.   The District-Court Decision ..........................................................5

IV.    This Court's Decision ...................................................................5

REASONS FOR GRANTING REHEARING ........................................7

I.     The Panel Misconstrued § 425.17(b) To Exempt Virtually All Class
       Actions from California's Anti-SLAPP Protections .......................7

       A.     Section 425.17(b) Does Not Apply Where a Plaintiff Seeks
              Personal or Individualized Relief..........................................9

       B.     The Conflation of *Private* Interests with the *Public* Interest
              Exacerbates the Error ........................................................13

II.    Alternatively, the Court Should Certify the Question of § 425.17(b)'s
       Construction to the California Supreme Court.............................16

CONCLUSION....................................................................................20

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Beeman v. Anthem Prescription Mgmt., LLC*,
689 F.3d 1002 (9th Cir. 2012) (en banc) ............................................................17

*Blanchard v. DIRECTV, Inc.*,
123 Cal. App. 4th 903 (2004) ...........................................................9, 10, 14, 19

*Charles v. City of Los Angeles*,
697 F.3d 1146 (9th Cir. 2012) ......................................................................3, 4

*Club Members for an Honest Election v. Sierra Club*,
45 Cal. 4th 309 (2008) ................................................................*passim*

*Dex Media W., Inc. v. City of Seattle*,
696 F.3d 952 (9th Cir. 2012) .....................................................................3, 15

*French Laundry Partners, LP v. Hartford Fire Ins. Co.*,
58 F.4th 1305 (9th Cir. 2023) .................................................................17

*Frlekin v. Apple Inc.*,
979 F.3d 639 (9th Cir. 2020) ...................................................................18

*Guglielmi v. Spelling-Goldberg Productions*,
25 Cal. 3d 860 (1979) .......................................................................15, 18

*Herring Networks, Inc. v. Maddow*,
8 F.4th 1148 (9th Cir. 2021) ...................................................................2

*Holbrook v. City of Santa Monica*,
144 Cal. App. 4th 1242 (2006) ...............................................................16

*Ingels v. Westwood One Broad. Servs., Inc.*,
129 Cal. App. 4th 1050 (2005) ...........................................................9, 10, 11

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (2002) ..........................................................................14

*Kirby v. Sega of Am., Inc.*,
144 Cal. App. 4th 47 (2006) ...................................................................15

ii

*Kremen v. Cohen,*
    325 F.3d 1035 (9th Cir. 2003) ...............................................................16, 17, 19

*Lombardo v. Warner,*
    391 F.3d 1008 (9th Cir. 2004) (en banc) ..........................................................17

*Muniz v. UPS, Inc.,*
    738 F.3d 214 (9th Cir. 2013) ................................................................................9

*Murray v. BEJ Mins., LLC,*
    924 F.3d 1070 (9th Cir. 2019) (en banc) ....................................................17, 18

*N. Cal. Carpenters Reg'l Council v. Warmington Hercules Assocs.,*
    124 Cal. App. 4th 296 (2004) ...............................................................................9

*Parents Involved in Cmty. Schs. v. Seattle Sch. Dist., No. 1,*
    294 F.3d 1085 (9th Cir. 2002) ...........................................................................17

*People ex rel. Strathmann v. Acacia Research Corp.,*
    210 Cal. App. 4th 487 (2012) ...................................................................6, 11, 12

*Sullivan v. Oracle Corp.,*
    557 F.3d 979 (9th Cir. 2009) ..............................................................................17

*Thayer v. Kabateck Brown Kellner LLP,*
    207 Cal. App. 4th 141 (2012) .............................................................................13

*Torres v. Goodyear Tire & Rubber Co.,*
    867 F.2d 1234 (9th Cir. 1989) ...........................................................................17

*Tourgemann v. Nelson & Kennard,*
    222 Cal. App. 4th 1447 (2014) .............................................................................9

*Vazquez v. Jan-Pro Franchising Int'l, Inc.,*
    939 F.3d 1045 (9th Cir. 2019) .....................................................................17, 19

*Ward v. United Airlines, Inc.,*
    986 F.3d 1234 (9th Cir. 2021) ...........................................................................18

*Zacchini v. Scripps-Howard Broad. Co.,*
    433 U.S. 562 (1977) ............................................................................................15

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I ........................................................................*passim*

## STATUTES AND RULES

28 U.S.C. § 1332(d) ...................................................................................19

Cal. Bus. & Prof. Code § 17200 ...............................................................14

Cal. Civ. Code § 52.1 .................................................................................14

Cal. Civ. Code § 3344 ..................................................................................4

Cal. Civ. Proc. Code § 425.16 ....................................................................5

Cal. Civ. Proc. Code § 425.16(a) ...............................................2, 3, 7, 18

Cal. Civ. Proc. Code § 425.17(b) .....................................................*passim*

Cal. Civ. Proc. Code § 425.17(b)(1) .................................................*passim*

Cal. Civ. Proc. Code § 425.17(b)(2) .................................................*passim*

Cal. Civ. Proc. Code § 425.17(b)(3) ..........................................................3, 5

Cal. Civ. Proc. Code § 425.17(e) ...........................................................5, 8

Cal. Rule of Court 8.548(a) ......................................................................17

## OTHER AUTHORITIES

Judicial Council of California, *2023 Court Statistics Report* (2023),
     https://www.courts.ca.gov/documents/2023-Court-
     Statistics-Report.pdf .........................................................................19

Sen. Comm. on Judiciary, Analysis of Sen. Bill No. 515
     (2003-2004 Reg. Sess.) ......................................................................10

## **INTRODUCTION**

California's anti-SLAPP statute seeks to protect defendants' First Amendment rights and conduct in furtherance of those rights. Its protections are to be construed broadly, and exceptions narrowly. The panel decision nonetheless interpreted one narrow exception—for suits "brought solely in the public interest," Cal. Civ. Proc. Code § 425.17(b)—so expansively as to exempt virtually *all class actions* from California's anti-SLAPP protections. No matter how grievously the suit intrudes on free-speech rights, or how much the putative class representative stands to gain personally, defendants are now denied anti-SLAPP protections whenever the action professes to seek relief on behalf of a class.

That result defies the California Supreme Court's direction that § 425.17(b) is inapplicable where, as here, "a litigant seek[s] '*any*' *personal*" or "*individualized* relief." *Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 309, 317, 320 (2008) (emphasis added). And it erroneously deems suits asserting *private* interests to be suits brought *solely* in the *public* interest.

The provision the panel invoked, moreover, was never mentioned by the district court. It was substantively addressed in a single sentence of plaintiff's appellate brief. And, in the panel's view, "no California Supreme Court case answers" whether § 425.17(b) applies to class actions like plaintiff's. Op.13. Given the importance of the issue, rehearing is warranted. At a minimum, this Court should

give California's Supreme Court an opportunity to decide the issue by certifying the following question:

> Whether § 425.17(b) is inapplicable where a plaintiff (a) seeks personal or individualized relief, such as actual damages for mental harm or compensation for use of her persona, or (b) seeks to vindicate individuals' private rights at the expense of the public's interest in access to accurate, factual information.

## **BACKGROUND**

### I. STATUTORY BACKGROUND

California's anti-SLAPP statute was enacted to combat lawsuits that "chill the valid exercise of the constitutional right[] of freedom of speech." § 425.16(a). A suit must be dismissed if a defendant "'make[s] a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech'" in connection with issues of public interest, unless the plaintiff shows a reasonable probability of prevailing on the merits. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021). The anti-SLAPP law's protections must be "construed broadly." § 425.16(a).

Under § 425.17(b), the anti-SLAPP statute "does not apply to any action brought *solely* in the public interest or on behalf of the general public," where:

> (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class . . . ; [and]
>
> (2) The action, if successful, would enforce *an important right affecting the public interest*, and would confer a significant benefit . . . on the general public or a large class of persons.

2

§ 425.17(b) (emphasis added).[1]  In contrast to the "broad[]" construction given the law's *protections*, § 425.16(a), the "*exception*" in § 425.17(b) "should be *narrowly* construed," *Sierra Club*, 45 Cal. 4th at 316 (emphasis added).

The California Supreme Court has held that § 425.17(b) applies only to suits brought "*exclusively* in the public interest."  *Sierra Club*, 45 Cal. 4th at 317 n.6 (emphasis added).  It "unambiguous[ly]" "bars a litigant seeking '*any*' *personal*" or "*individualized* relief" from invoking the exception.  *Id.* at 317, 320 (emphasis added).

## II.    PLAINTIFF SUES FOR PERSONAL RELIEF BASED ON ZOOMINFO'S DIRECTORY OF ACCURATE PROFESSIONAL CONTACT INFORMATION

Akin to a technologically advanced version of the white pages, ZoomInfo provides an online directory of professional contact information.  Opening.Br.5.  As this Court has held, "directories" of "businesses and professionals" like ZoomInfo's are "entitled to the full protection of the First Amendment."  *Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 954 (9th Cir. 2012).  To "prevent tort actions from choking the truthful promotion of protected speech," that protection extends to "advertisements" for protected works.  *Charles v. City of Los Angeles*, 697 F.3d 1146, 1154-56 (9th Cir. 2012); *see* Opening.Br.52-59.

---

[1] Another requirement, § 425.17(b)(3), is not at issue.

Plaintiff Kim Carter Martinez is Political and Legislative Director for AFSCME, a public-sector union that spends millions on lobbying. Opening.Br.6. If a user were to search for plaintiff on ZoomInfo, ZoomInfo would provide a preview profile showing some of her professional contact information, such as AFSCME's phone number and address. *Id.* at 7-9. Plaintiff concedes the information in the profile is "accurat[e]." ER-157 (¶28). She does not contend the information is private—nor could she, as it is publicly available. Opening.Br.9-10.

The complaint alleges that a user who accesses plaintiff's preview profile may see links offering access to additional information, like plaintiff's unredacted AFSCME email address. Opening.Br.10. Clicking those links offers access to ZoomInfo's full directory, for free or via paid subscription. *Id.*

Plaintiff filed a putative class-action complaint asserting misappropriation of her persona under California's right-of-publicity statute, Cal. Civ. Code § 3344, and common law. ER-166-168. Plaintiff nowhere alleges that anyone other than her attorneys viewed her preview profile, which she could have removed from ZoomInfo at any time. Opening.Br.10, 12.

Plaintiff seeks relief "individually" and on behalf of the class. ER-168. Under § 3344, plaintiff seeks "'the greater of'" statutory damages or "'actual damages.'" ER-167 (¶¶58-60). Actual damages would cover her alleged "economic and emotional" harm, including "mental injury." ER-163, ER-167 (¶¶44, 59). She also

4

seeks "restitution," disgorgement of "profits," and a "royalt[y]" for alleged use of her persona.  ER-168-169 (¶¶F-G).

## III.  THE DISTRICT-COURT DECISION

ZoomInfo moved to strike plaintiff's suit under California's anti-SLAPP law, Cal. Civ. Proc. Code §425.16.  The district court denied the motion, finding §425.16's requirements not satisfied.  ER-16-17.  It did not discuss §425.17(b)'s exception.

## IV.  THIS COURT'S DECISION

The panel affirmed "on the alternative ground" that this suit "falls within [§425.17(b)'s] public-interest exemption."  Op.18.

A.  Plaintiff's appellate brief addressed §425.17(b)'s applicability in a single sentence, citing a single federal district-court case.  Resp.Br.11.  Plaintiff invoked §425.17(b) primarily to argue that, under §425.17(*e*), the denial of ZoomInfo's anti-SLAPP motion was unappealable, Resp.Br.10-11—an argument the Court rejected, Op.9.  Plaintiff's suggestion that §425.17(b) is a "reason to affirm" was a one-sentence footnote.  Resp.Br.11 n.1.

B.  The panel decision did not address §425.17(b)'s requirement that an action be "brought *solely* in the public interest."  (Emphasis added.)  It addressed the additional requirements in subsections (1)-(3).

With respect to §425.17(b)(1), the panel found that "no California Supreme Court case answers the precise question" presented. Op.13. The panel acknowledged the California Supreme Court's statement in *Sierra Club* that §425.17(b) is inapplicable if a plaintiff seeks "'personal relief.'" *Id.* It did not disagree that plaintiff sought, for herself, relief requiring an "individualized determination." *Id.* Nevertheless, the panel reasoned that *Sierra Club*'s "bar on 'any personal relief' prohibits" only "seeking 'a more narrow advantage for a particular plaintiff.'" *Id.* (quoting 45 Cal. 4th at 317).

Invoking a decision neither party cited, *People ex rel. Strathmann v. Acacia Research Corp.*, 210 Cal. App. 4th 487 (2012), the panel described it as the "most relevant authority" and "best indication of how the California Supreme Court would rule." Op.14. Based on *Strathmann*, the panel concluded that §425.17(b)(1) was satisfied because—even though plaintiff sought relief particular to her—she ostensibly "ha[d] not requested any additional relief that would not apply to some or all of the class." Op.15-16.

The panel found §425.17(b)(2) satisfied because plaintiff's suit "intersects with California's public policy goals." Op.16. It was enough, the panel concluded, that California has demonstrated a "public policy commitment to protecting its citizens' property and privacy rights" by recognizing a common-law and statutory

right of publicity. *Id.* The panel did not consider that *every* statutory or common-law cause of action "intersects" with public-policy goals.

## REASONS FOR GRANTING REHEARING

Because California's anti-SLAPP law provides "broad[]" protections against suits that target free-speech rights, §425.16(a), the California Supreme Court has instructed that §425.17(b)'s "exception" to those protections must be "narrowly interpreted," *Sierra Club*, 45 Cal. 4th at 316. The panel nonetheless gave §425.17(b) an extraordinarily *broad* construction, stretching its narrow exception for suits brought "*solely* in the public interest" into one that eliminates California's anti-SLAPP protections for virtually *all class actions*. That holding conflicts with precedent and the provision's legislative history. And it threatens devastating consequences for defendants confronting ruinous suits based on their protected speech.

The panel should grant rehearing and correct its construction of §425.17(b). At a minimum, it should certify the question to the California Supreme Court. California's anti-SLAPP protections should not be eliminated for such a broad swath of cases without the State's highest court weighing in.

## I. THE PANEL MISCONSTRUED §425.17(b) TO EXEMPT VIRTUALLY ALL CLASS ACTIONS FROM CALIFORNIA'S ANTI-SLAPP PROTECTIONS

Section 425.17(b) exempts a "narrow" category of cases from California's "broad" anti-SLAPP protections—suits "brought *solely* in the public interest." *Sierra Club*, 45 Cal. 4th at 316, 319-20. The panel nonetheless held that the

7

exception applies where a plaintiff "request[s] all relief on behalf of the alleged class"—even if the plaintiff seeks "individualized" relief for herself—and asserts claims that "intersect[] with California's public policy goals." Op.15-16. That sweeping construction exempts virtually *all class actions* from California's anti-SLAPP protections: Class-action plaintiffs routinely request all relief on behalf of the alleged class, and *every* California-law claim intersects with California's public-policy goals in some way.

Countless lawsuits—no matter how chilling of protected speech, or how lacking in merit—will now evade California's anti-SLAPP protections. That includes cases particularly apt to chill First Amendment freedoms: class actions seeking to impose enormous liability for speech that offers the public access to truthful, non-sensitive, factual information. The consequences will be especially severe because §425.17(b) does not merely deny defendants anti-SLAPP protections; it also denies them the right to *appeal* decisions finding that the exception applies. §425.17(e). When trial courts, both state and federal, invoke this Court's construction of §425.17(b) to deny anti-SLAPP protections, those decisions will escape appellate review—amplifying plaintiffs' ability to use meritless suits to chill free speech and coerce settlements. Far from supporting that result, statutory text, precedent, and legislative history refute it.

### A. Section 425.17(b) Does Not Apply Where a Plaintiff Seeks Personal or Individualized Relief

1. Section 425.17(b) applies only to actions "brought *solely* in the public interest or on behalf of the general public." (Emphasis added). Given that "limitation[ ]," the California Supreme Court has concluded that "[§]425.17(b) is *unambiguous* and bars a litigant seeking '*any*' personal relief from relying on the section 425.17(b) exception." *Sierra Club*, 45 Cal. 4th at 317, 318 (emphasis added). "If *individualized* relief is sought," §425.17(b) does not apply. *Id.* at 320 (emphasis added). That construction by California's highest court is "binding." *Muniz v. UPS, Inc.*, 738 F.3d 214, 219 (9th Cir. 2013).

California appellate-court decisions confirm that §425.17(b) is inapplicable where a plaintiff seeks *any* personal relief. *See Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 916 (2004) (plaintiff sought accounting and restitution); *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1067 (2005) (plaintiff sought "damages personal to himself"). Where courts have found §425.17(b) applicable, plaintiffs sought *no* personal relief. *See N. Cal. Carpenters Reg'l Council v. Warmington Hercules Assocs.*, 124 Cal. App. 4th 296, 300 (2004) (plaintiff did not personally seek damages); *Tourgemann v. Nelson & Kennard*, 222 Cal. App. 4th 1447, 1461 (2014) (plaintiff did not seek damages or restitution).

Indeed, the California legislature explained that §425.17(b) is intended for suits seeking "'enforcement [of public-interest laws] by private attorneys generals,

*without an injured plaintiff.*'" *Ingels*, 129 Cal. App. 4th at 1066 (quoting Sen. Comm. on Judiciary, Analysis of Sen. Bill No. 515, at 13-14 (2003-2004 Reg. Sess.) ("Senate Analysis")) (additional quotation marks omitted). The anti-SLAPP statute "'already exempt[ed] actions filed by public prosecutors'"; §425.17(b) simply provides "'parallel protection when people are acting *only* in the public interest as private attorneys general, *and are not seeking any special relief for themselves.*'" *Id.* (quoting Senate Analysis 13-14) (additional quotation marks omitted; first emphasis added). Thus, "'not all public interest or class actions [are] automatically exempt from the anti-SLAPP law.'" *Blanchard*, 123 Cal. App. 4th at 913-14 (quoting Senate Analysis 13).

2.    Those principles are dispositive here. Plaintiff indisputably seeks "personal" and "individualized" relief, so her action is not "*solely* in the public interest." *Sierra Club*, 45 Cal. 4th at 317, 320. Plaintiff seeks "damages for actual harm," including alleged "mental injury" that is definitionally unique to her. ER-163 (¶44), ER-168-169 (¶G). She also seeks "restitution for Plaintiff" "individually" for the value allegedly derived from use of her name, and "royalties" for alleged infringement of her "intellectual property." ER-168-169. That relief is "personal" to her, requiring "individualized" assessment of *her* mental harm and profits or royalties attributable to use of *her* name. Far from being an uninjured private attorney general

10

seeking no special relief for herself, *Ingels*, 129 Cal. App. 4th at 1066, plaintiff alleges she *was* injured and seeks uniquely *individualized* relief.

3.    The panel observed that, in *Sierra Club*, "the plaintiff sought certain relief that would advance solely its members' own interests," including an order giving the plaintiff board seats.  Op.13.  The panel accordingly construed *Sierra Club* as holding only that a plaintiff is barred from invoking § 425.17(b) where it seeks "relief that applies only to the plaintiff, and not the class."  Op.13-14.

But *Sierra Club*'s holding was broader: It held that § 425.17(b) "unambiguous[ly] . . . bars a litigant seeking '*any*' personal relief" from claiming the exception.  45 Cal. 4th at 317 (emphasis added).  That bar includes seeking "relief that applies only to the plaintiff, and not the class," Op.13-14, but it *also* includes requests for personal, individualized relief like mental distress.  *Sierra Club* held— without qualification—that, "[i]f *individualized relief* is sought," § 425.17(b) does not apply.  45 Cal. 4th at 320 (emphasis added).

Concluding *Sierra Club* did not "answer[ ] the precise question," the panel relied on *Strathmann*, a California Court of Appeal decision, to conclude that "seeking individualized relief is permissible" under § 425.17(b).  Op.13-14.  The panel cited *Strathmann* as stating that "[a] claim brought on behalf of the general public might include some kind of individual relief."  210 Cal. App. 4th at 501; *see* Op.14.

The cited passage conflicts with *Sierra Club*'s authoritative construction twice over. It contradicts *Sierra Club*'s holding that §425.17(b) is inapplicable where a plaintiff seeks "'any' personal" or "individualized" relief. 45 Cal. 4th at 317, 320. And *Strathmann* rested on the mistaken premise that §425.17(b) applies to suits "'on behalf of the general public,'" even if they are not *solely* "on behalf of the general public" or *solely* "in the public interest." 210 Cal. App. 4th at 501; §425.17(b). The California Supreme Court rejected that construction in *Sierra Club*, holding that §425.17(b) does not apply unless the action is "*exclusively* in the public interest." 45 Cal. 4th at 317 n.6 (emphasis added). Indeed, it held that extending §425.17(b)'s exception to suits "on behalf of the general public" but not "solely in the public interest" would be improper *because* that "would allow a plaintiff to seek personal relief." *Id.*

The passage from *Strathmann* is also dictum. There, the plaintiff did not seek *any* "personal relief for the plaintiff's personal harm." 210 Cal. App. 4th at 503. The plaintiff sought a *qui tam* bounty, which was "not considered personal relief" but instead "analogous to a lawyer's contingent fee"—which the statute says is *not* "'greater or different relief for purposes of [§425.17(b)(1)].'" *Id.* at 502-04. (quoting §425.17(b)(1)).

4. Beyond the fact that plaintiff's request for "'any' personal relief" prevents her suit from being "*solely* in the public interest," *Sierra Club*, 45 Cal. 4th

12

at 317, 320, §425.17(b) still does not apply. Plaintiff seeks relief unique to her—actual damages for *her* emotional harm and use of *her* persona—that not all class members will recover. She thus seeks relief "greater than"—or at least "different from"—that sought for the class. §425.17(b)(1).

The panel found it sufficient that plaintiff "request[s] all relief on behalf of the alleged class." Op.13. But *Thayer v. Kabateck Brown Kellner LLP*, 207 Cal. App. 4th 141 (2012) (cited Op.15), held that §425.17(b) did *not* apply where a class-action plaintiff sought individualized relief, including damages for "emotional distress, and other 'subjective'" items. *Id.* at 156-57. The panel distinguished *Thayer* as resting *only* on the plaintiff's additional request for statutory damages available only to senior citizens. Op.15 & n.3. If that were correct, *Thayer* would have had no reason to mention the request for other "subjective," individualized relief. 207 Cal. App. 4th at 156-57. Regardless, plaintiff here necessarily seeks "greater" or "different" damages than other class members: She requests "actual damages," which are available *only* if *her* personal damages are *greater* than $750 statutory damages. ER-167 (¶¶58-60).

**B.    The Conflation of *Private* Interests with the *Public* Interest Exacerbates the Error**

1.    Section 425.17(b), moreover, does not apply unless an action, "if successful, would enforce an *important right affecting the public interest*." §425.17(b)(2) (emphasis added). The panel found that requirement satisfied

13

because California recognizes a "common-law and statutory" right of publicity, reflecting a "public policy commitment to protecting its citizens' property and privacy rights." Op.16-18. But *every* statutory or common-law action could likewise be said to further some California policy—whatever policy motivated adoption of the statute or common-law rule. That does not mean every such action will "enforce an important right *affecting the public interest*." §425.17(b)(2) (emphasis added).

Actions that vindicate individuals' *personal* interests, rather than the interests of *the public*, fall outside §425.17(b)(2). In *Blanchard*, the defendant sent a cease-and-desist letter to thousands of people. 123 Cal. App. 4th at 909. Plaintiffs filed a class-action lawsuit on behalf of all recipients, asserting that the letter was "false, misleading, or deceptive" in violation of California's civil-rights law and unfair competition law ("UCL"). *Id.* at 910-11. If successful, the suit doubtless would have furthered the policy goals embodied in those statutes, such as the UCL's goal of "protect[ing] . . . consumers." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). It nonetheless did not satisfy §425.17(b)(2): While "recipients of the letters rank in the thousands, there [was] no *public interest* principle being vindicated by th[e] action." *Blanchard*, 123 Cal. App. 4th at 914-15 (emphasis added). The action asserted individuals' *personal* interests to be free of an aggressive demand letter. *Id.* at 914-15 (emphasis added). There is "no enforcement of [a] *public* right where the plaintiffs enforced solely their *own* interests." *Id.* at 915 (emphasis added).

14

So too here. The "State's interest in permitting a 'right of publicity' is in protecting *the proprietary interest of [an] individual*." *Zacchini v. Scripps-Howard Broad. Co.*, 433 U.S. 562, 573 (1977) (emphasis added); *Guglielmi v. Spelling-Goldberg Productions*, 25 Cal. 3d 860, 871 (1979) (right of publicity protects individuals' "proprietary interests") (Bird, C.J., concurring).[2] That such a *personal*, *proprietary* interest is held by many individuals does not transform it into a *public* interest.

2. Worse, plaintiff's suit asserts personal, proprietary interests *at the expense of* an acknowledged public interest. Courts have repeatedly recognized that the *private* interests underlying the right of publicity *encroach* on the *public's* free-speech interest in the dissemination of information. Right-of-publicity claims pit "proprietary interests" against "the value of free expression," *Guglielmi*, 25 Cal. 3d at 871 (Bird, C.J., concurring), and present a "tension" between individual interests and "the First Amendment's goal of fostering a marketplace of ideas," *Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 58 (2006). Here, plaintiff's right-of-publicity claims attack a truthful "director[y]" of "professionals" that is "entitled to the full protection of the First Amendment." *Dex*, 696 F.3d at 954.

---

[2] Chief Justice Bird's opinion was supported by a majority of the court. Opening.Br.59 n.18.

Lawsuits that assert individuals' interests at the expense of a public interest fail to satisfy § 425.17(b). In *Holbrook v. City of Santa Monica*, 144 Cal. App. 4th 1242 (2006), city council members sought to compel an 11 p.m. end to council meetings, arguing that late-running meetings harmed council employees and forced citizens to address the council at inconvenient hours. *Id.* at 1245-46, 1250. The court held the suit did not satisfy § 425.17(b)(2): If successful, it would vindicate the plaintiffs' *personal* interests in shorter meetings at the expense of abridging "the opportunity for members of the *public* to address the City Council." *Id.* at 1250. Likewise here, plaintiff seeks to vindicate her *personal* interests at the expense of the *public's* interest in an accurate professional directory. Opening.Br.38-51; Reply.15-22, 25-30.

## II. ALTERNATIVELY, THE COURT SHOULD CERTIFY THE QUESTION OF § 425.17(b)'S CONSTRUCTION TO THE CALIFORNIA SUPREME COURT

The panel concluded that "no California Supreme Court case answers the precise question here." Op.13-17. Insofar as *Sierra Club* does not provide the answer, this Court should certify the question to the California Supreme Court. *See* p. 2, *supra*. If § 425.17(b)'s narrow exception to California's broad anti-SLAPP protections is to be given the breadth it was given here, that should come from the definitive expositor of California law.

This Court recognizes an "'obligation to consider whether novel state-law questions should be certified.'" *Kremen v. Cohen*, 325 F.3d 1035, 1038 (9th Cir.

2003). Certification promotes "deference to the state court on significant state law matters," respects "state sovereignty," and "fosters values of federalism and comity." *Id.* at 1037 & n.1.

This Court thus has repeatedly granted rehearing to certify state-law questions to state supreme courts. *E.g.*, *Sullivan v. Oracle Corp.*, 557 F.3d 979, 984-85 (9th Cir. 2009); *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045, 1048 (9th Cir. 2019); *Torres v. Goodyear Tire & Rubber Co.*, 867 F.2d 1234, 1235 (9th Cir. 1989); *Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1005 (9th Cir. 2012) (en banc); *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1071-72 (9th Cir. 2019) (en banc); *Lombardo v. Warner*, 391 F.3d 1008, 1009 (9th Cir. 2004) (en banc). It has done so even where the parties never sought—or jointly opposed—certification. *See Parents Involved in Cmty. Schs. v. Seattle Sch. Dist., No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002).

California Rule of Court 8.548(a) allows certification where there is "no controlling precedent" and "[t]he decision could determine the outcome of a matter pending in the requesting court." Both requirements are satisfied. The panel found "no California Supreme Court case answers the precise question here." Op.13-17; *see French Laundry Partners, LP v. Hartford Fire Ins. Co.*, 58 F.4th 1305, 1306-07 (9th Cir. 2023) (no controlling precedent where California Supreme Court had not decided issue, although other California courts had "opinions providing some

guidance"). And the issue not only "could," but *did*, determine the outcome of the appeal in this Court. Op.18.[3]

In weighing certification, this Court may consider "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Murray*, 924 F.3d at 1072. Each factor favors certification.

Interpretation of California's anti-SLAPP statute has important public-policy ramifications. California enacted the law to protect "the constitutional right[] of freedom of speech," §425.16(a), a right "essential in a democratic system of government," *Guglielmi*, 25 Cal. 3d at 866 (Bird, C.J., concurring). California underscores the law's importance by commanding that its protections be construed "broadly" and its exceptions "narrowly." *Sierra Club*, 45 Cal. 4th at 315-16.

Whether §425.17(b) applies to class actions seeking individualized relief or asserting private interests is "new, substantial, and of broad application." *Murray*, 924 F.3d at 1072. The panel found the question is unsettled. Op.13-17. And if §425.17(b) applies in such circumstances, nearly *all* class actions will be exempt

---

[3] While a different construction would lead to further proceedings in this Court, that frequently occurs after the California Supreme Court answers a certified question. *See Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1239 (9th Cir. 2021); *Frlekin v. Apple Inc.*, 979 F.3d 639, 643 (9th Cir. 2020).

from the anti-SLAPP law—contradicting the legislature's admonition that §425.17(b) does *not* apply to all class actions. *Blanchard*, 123 Cal. App. 4th 913-14. And the issue has growing importance given the multitude of class-action lawsuits asserting right-of-publicity or privacy claims against defendants that compile factual information. Resp.Br.25 n.8 (identifying 14 similar suits).

It "is not [this Court's] role to pass advance judgment on [the California Supreme] Court's priorities" in managing its docket. *Kremen*, 325 F.3d at 1038. Insofar as caseload is relevant, filings in that court have fallen about 30% in the past decade. Judicial Council of California, *2023 Court Statistics Report* 23 (2023), https://www.courts.ca.gov/documents/2023-Court-Statistics-Report.pdf. There is no reason to think docket pressures would prevent the California Supreme Court from answering the question here.

Finally, " '[c]omity and federalism counsel that the California Supreme Court, rather than this [C]ourt, should answer' " the "importan[t]" and "unsettled" question of California law here. *Vazquez*, 939 F.3d at 1049. The panel lacked the benefit of either a reasoned district-court decision (that court did not address §425.17(b)) or full briefing (plaintiff addressed §425.17(b) in only cursory fashion). The panel's resolution of the issue, moreover, will govern every California-law class action that reaches federal courts in this Circuit—a substantial number given expansive federal jurisdiction over class actions. *See* 28 U.S.C. §1332(d); ER-154 (¶20). Given the

question's profound impact on California law and policy, California's Supreme Court should be given an opportunity to answer it.

## **CONCLUSION**

Rehearing, or certification to the California Supreme Court, is warranted.

November 3, 2023

Respectfully submitted,

s/ Jeffrey A. Lamken

Shon Morgan
   *Counsel of Record*
Daniel C. Posner
John W. Baumann
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000 (telephone)
shonmorgan@quinnemanuel.com

Cristina Henriquez
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000 (telephone)

Jeffrey A. Lamken
Lucas M. Walker
Lauren M. Weinstein
Jennifer E. Fischell
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, NW
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)

Eugene A. Sokoloff
Jordan A. Rice
Kenneth E. Notter III
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
(312) 450-6700 (telephone)
(312) 450-6701 (facsimile)

Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)

*Counsel for ZoomInfo Technologies Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 22-35305

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for

panel rehearing/petition for rehearing en banc/response to petition is (*select one*):

○ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: 4,199 .

*(Petitions and responses must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/ Jeffrey A. Lamken **Date** | Nov 3, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11** *Rev. 12/01/2021*