No. 22-35305

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

KIM CARTER MARTINEZ,

*Plaintiff-Appellee,*

v.

ZOOMINFO TECHNOLOGIES INC.,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the U.S. District Court for the Western District of Washington
No. 3:21-cv-05725-MJP
Hon. Marsha J. Pechman, District Judge

_____

**PLAINTIFF-APPELLE'S SUPPLEMENTAL BRIEF REGARDING
REHEARING EN BANC**

_____

Ben Osborn
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Sam Strauss
sam@turkestrauss.com
Raina Borrelli
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff-Appellee*

i

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................ ii

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTION .................................................................................. 1

ARGUMENT ......................................................................................... 3

      I.     This Court should decline to order an en banc hearing on an issue that no longer applies to Plaintiff's case. ..................................................... 3

CONCLUSION ...................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ........................................................4

*Feldman v. Bomar*, 518 F.3d 637 (9th Cir. 2008) ....................................................6

*Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001)..........................................3

*Northwest Environmental Def. Ctr. v. Gordon*, 849 F.2d 1241 (9th Cir. 1988) .......5

*Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179 (9th Cir. 2016).......... 2, 4, 6

*U.S. v. Lockheed Missiles Space Co., Inc*., 190 F.3d 963 (9th Cir. 1999)................4

*Will v. Hallock*, 546 U.S. 345 (2006).........................................................................2

**Statutes**

Cal. Civ. Proc. Code § 425.17 ...............................................................................1, 5

Fed. R. App. Proc. 35........................................................................................ 3, 4, 5

## INTRODUCTION

On September 21, this Court affirmed the decision of the District Court denying Defendant's anti-SLAPP motion. Dkt. No. 70-1. This Court held that Plaintiff-Appellee's suit is an "action brought solely in the public interest or on behalf of the general public" within the meaning of Cal. Civ. Proc. Code § 425.17(b) and is therefore exempt from California's anti-SLAPP statute. *See* Dkt. No. 70-1, at *11-18. This Court further held that the allegations in Plaintiff's complaint established Article III standing at the pleading stage. *Id.*, at *10-11.

On November 3, Defendant petitioned for panel rehearing, arguing this Court had "misconstrued" the scope of the § 425.17(b) exemption. Dkt. No. 75-1. On November 14, this Court ordered the parties to file supplemental briefs. Dkt. No. 76. The Order did not address the issue on which Defendant requested rehearing. Instead, the Court directed the parties to address:

> [W]hether this case should be reheard en banc to reconsider (1) whether California's anti-SLAPP statute applies in federal court, and (2) whether the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine.

Id.

Respectfully, Plaintiff does not believe this Court should grant an en banc hearing on these issues. It is Plaintiff's position that California's anti-SLAPP statute does not apply in federal court because that statute directly conflicts with the Federal

1

Rules of Civil Procedure. *See* Answering Br., at *13-14 (citing decisions from the Seventh, Tenth, Eleventh, and D.C. Circuits rejecting the use of state anti-SLAPP procedures in federal courts); *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179 (9th Cir. 2016) (Kozinski, J., concurring) (explaining that California's anti-SLAPP procedures directly conflict with the Federal Rules). It is also Plaintiff's position that, under *Will v. Hallock*, 546 U.S. 345 (2006), the denial of an anti-SLAPP motion to strike is not an appealable collateral order, and therefore immediate interlocutory appeal should not be available. *See* Answering Br., at *22-26 (citing numerous authorities). But under this Court's September 21 opinion, this case is no longer the appropriate forum to address these issues. This Court has already ruled that California's anti-SLAPP statute does not apply to Plaintiff's claims. She therefore no longer has an interest in whether and which anti-SLAPP procedures should be available in federal court. These issues are moot with respect to her case.

Plaintiff's interest – and the interests of the absent Class members she seeks to represent – lies in returning to the district court as quickly as possible so she may prove her case and obtain recovery on behalf of the Class. Defendant has already delayed her case by two years through filing an unsuccessful anti-SLAPP motion and unsuccessfully appealing its denial. Further delay would only compound the harm Plaintiff and the Class have already suffered by these tactics, including ongoing harm from the Defendant's non-consensual commercial use of their names

and personas.[1] Accordingly, Plaintiff respectfully requests this Court decline to order an en banc hearing, and instead remand to the District Court for further proceedings consistent with its September 21 Order.

## ARGUMENT

### I.     This Court should decline to order an en banc hearing on an issue that no longer applies to Plaintiff's case.

Under Fed. R. App. Proc. 35(a), "[a]n en banc rehearing . . . is not favored." *See also Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001) ("en banc procedures are seldom used," in part because "[t]hey are so cumbersome."). An en banc hearing ordinarily will not be ordered unless the hearing is "necessary to secure or maintain uniformity of the court's decision," or "the proceeding involves a question of exceptional importance." Fed. R. App. Proc. 35(a).

Neither circumstance is present here. There is no intra-circuit split of authority regarding the availability of state anti-SLAPP procedures in Federal court, nor regarding the appealability of denials of anti-SLAPP motions on an interlocutory basis. *U.S. v. Lockheed Missiles Space Co., Inc*., 190 F.3d 963 (9th Cir. 1999) states

_____

[1] Plaintiff and her counsel recognize that an en banc hearing might result in removing anti-SLAPP procedures from Federal Courts in this circuit. This would be a good thing for the rule of law. But it is counsel's duty to advocate for the interests of Ms. Martinez, not the interests of future plaintiffs who may find themselves on the wrong end of an anti-SLAPP motion. Ms. Martinez's interest lies in expediting her case, not in delaying it still further to examine an issue that no longer has any relevance to her claims.

the law of this Circuit regarding the availability of motions to strike under California's anti-SLAPP statute. *Id.*, at 972. And *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) states the law of this Circuit regarding the availability of interlocutory appeal when an anti-SLAPP motion to strike is denied. *Id.*, at 1024-26. While many judges of this Circuit have questioned the wisdom of *Batzel* and *Lockheed Missiles*, including the judges of this panel,[2] no decision in this Circuit has departed from those precedents. Therefore, no intra-circuit split exists, and there is no need for an en banc hearing that would "maintain uniformity." Uniformity within this Circuit already exists.

Nor does "the proceeding involve[] a question of exceptional importance." *See* Fed. R. App. Proc. 35(a). While both issues this Court identified are undoubtedly of "exceptional importance" to other litigants in this Circuit, they are no longer relevant to Ms. Martinez's claims or the claims of the Class she seeks to represent. Because the two issues the Court identified are moot here, this "proceeding" does not "involve[]" either issue. *See* Fed. R. App. Proc. 35(a). Accordingly, hearing en banc on these issues is not appropriate in this case.

---

[2] *See, e.g.*, *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179 (9th Cir. 2016) (Kozinski, J., concurring); Dkt. No. 70-1, at *19-22 (McKeown, J., concurring); *id.*, at *22-24 (Desai, J., concurring).

This Court wrote that Plaintiff's claims implicate "the right to control one's name and likeness," which California "considers . . . to be an important right affecting the public interest." Dkt. No. 70-1, at *17. For this reason and the additional reasons described in the opinion, this Court ruled that "Martinez's complaint is exempted from California's anti-SLAPP law" under the § 425.17(b) exemption for suits in the public interest. *Id.*, at *18. Accordingly, the two issues the Court suggested for potential en banc review are moot with respect to Ms. Martinez's claims and those of the absent Class. "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Northwest Environmental Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). Here, the issues this Court suggested for en banc review do not implicate a "present" controversy as to which "effective relief" could be granted to Ms. Martinez and the Class. *See id.* This Court has already ruled their claims are exempt from California's anti-SLAPP statute. Accordingly, a ruling that anti-SLAPP procedures are not available in Federal court would have no effect on this case. Likewise, a ruling that there is no right of interlocutory appeal from the denial of an anti-SLAPP motion also would have no effect. The interlocutory appeal has already occurred, and Ms. Martinez has already incurred the harm entailed by the resulting delay and expense. Because the two issues the court identified for potential en banc review are moot here, en banc review should not proceed. *See Feldman v. Bomar*, 518 F.3d 637, 642

(9th Cir. 2008) (courts "lack jurisdiction to hear moot claims"). That these issues were relevant to Ms. Martinez's claims before the Court issued its September 21 opinion does not change the analysis. *See id.* (mootness is measured with respect "to the *existing interests* of the parties.") (quotation omitted) (emphasis in original).

Judges of this Court have recognized that allowing interlocutory appeals raises the risk that defendants will use the appeal of a "meritless motion to strike" as a procedural delay tactic. *Travelers*, 831 F.3d at 1184. That risk has already been realized here. Defendant filed their anti-SLAPP motion in the district court on December 8, 2021, which triggered an automatic stay of discovery. After the district court denied the anti SLAPP motion on April 11, 2022, Defendant filed the present appeal, triggering a stay of the district court action that is still in place, and will remain in place until this Court remands to the district court for further proceedings. The Defendant's meritless motion to strike has already delayed this case by two years (and counting).

Justice delayed is justice denied. That is especially true where, as here, the Defendant is a major corporation with effectively unlimited resources, while the Plaintiff is an individual who engaged her counsel on a contingent basis. It is in Ms. Martinez's best interest – and the best interests of the Class members – that this case return to the district court as swiftly as possible. Every day this case remains on appeal represents another day ZoomInfo uses Ms. Martinez's name and persona to

promote its disturbing and intrusive product. Ms. Martinez is entitled to the opportunity to prove her claims and, if successful, secure recovery and relief on her own behalf and on behalf of the Class, including an injunction and monetary compensation.

In summary, because the issues in question are moot with respect to Ms. Martinez and the Class, the Court should not order an en banc hearing regarding the two issues it identified in its November 14 request for supplemental briefing. Plaintiff respectfully requests the Court instead remand to the district court for further proceedings consistent with its Opinion of September 21.[3]

## CONCLUSION

For the reasons above, Plaintiff respectfully requests the Court decline to order a hearing en banc. Should this Court order a hearing, Plaintiff and her counsel respectfully request they be excused from incurring the expense and time required to argue the issues, which are no longer relevant to Plaintiff's case. Were the issues relevant to her case, it would be Plaintiff's position that: (1) California's anti-SLAPP statute should not be available in Federal Court because the procedures it proscribes directly conflict with the Federal Rules; and (2) denials of anti-SLAPP motions are

---

[3] Should this court grant hearing en banc, Plaintiff and her counsel respectfully request they be excused from any obligation to argue an issue that is no longer relevant to her case. Counsel cannot justifiably expend time and resources on an issue that has no relevance to Ms. Martinez or the Class.

not appealable collateral orders, and therefore interlocutory appeals of such denials are not available.

Dated: December 2, 2023        By: _/s/ Benjamin R. Osborn_____

Ben Osborn
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Raina Borrelli
raina@turkestrauss.com
Sam Strauss
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff-Appellee*