No. 22-35305

IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

KIM CARTER MARTINEZ,

*Plaintiff-Appellee,*

v.

ZOOMINFO TECHNOLOGIES INC.,

*Defendant-Appellant.*

Appeal from the United States District Court for the Western District of Washington
District Judge Marsha J. Pechman, No. 3:21-cv-05725-MJP-BNW

## SUPPLEMENTAL BRIEF FOR
## DEFENDANT-APPELLANT ZOOMINFO TECHNOLOGIES INC.

Jeffrey A. Lamken
Lucas M. Walker
Lauren M. Weinstein
Jennifer E. Fischell
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)

Shon Morgan
  *Counsel of Record*
Daniel C. Posner
John W. Baumann
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000 (telephone)
shonmorgan@quinnemanuel.com

*Counsel for ZoomInfo Technologies Inc.*

*(Additional Counsel Listed on Inside Cover)*

Eugene A. Sokoloff
Jordan A. Rice
Kenneth E. Notter III
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
(312) 450-6700 (telephone)
(312) 450-6701 (facsimile)

Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)

Cristina Henriquez
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000 (telephone)

*Counsel for ZoomInfo Technologies Inc.*

# **TABLE OF CONTENTS**

<u>Page</u>

BACKGROUND ...................................................................................3

I.   Statutory Background ....................................................................3

II.   Plaintiff Files This Action Seeking Personal Relief Based on
ZoomInfo's Directory of Accurate Professional Information .......................4

III.  Procedural History ........................................................................5

REASONS FOR DENYING REHEARING EN BANC..........................................7

I.   The Issues Do Not Warrant En Banc Review ................................7

    A.   The *Erie* Issue Does Not Meet the Requirements
for En Banc Review ............................................................8

    B.   The Collateral-Order Issue Does Not Warrant
En Banc Review ...............................................................11

II.  This Case Is an Unsuitable Vehicle for En Banc Review ...........................14

    A.   Absent Further Action, the Case Lacks
Concrete Adversariness.....................................................14

    B.   If Further Review Is Contemplated, the Court Should
Vacate the Panel Decision and Certify to the California
Supreme Court..................................................................15

CONCLUSION .................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003) ..................................................................*passim*

*Charles v. City of Los Angeles*,
  697 F.3d 1146 (9th Cir. 2012) ...............................................................4

*Club Members for an Honest Election v. Sierra Club*,
  45 Cal. 4th 309 (2008) .........................................................................4, 6

*CoreCivic, Inc. v. Candide Grp., LLC*,
  46 F.4th 1136 (9th Cir. 2022) ........................................8, 9, 10, 11
  No. 20-17285, Dkt. 79 (9th Cir. Oct. 20, 2022) ...................................8

*In re County of Orange*,
  784 F.3d 520 (9th Cir. 2015) ......................................................10, 11

*DC Comics v. Pac. Pictures Corp.*,
  706 F.3d 1009 (9th Cir. 2015) ........................................................9, 12

*Dex Media W., Inc. v. City of Seattle*,
  696 F.3d 952 (9th Cir. 2012) ...............................................................4

*Erie R. Co. v. Tompkins*,
  304 U.S. 64 (1938)...............................................................8, 10, 11

*Fabre v. Walton*,
  436 Mass. 517 (2002) ........................................................................13

*Forest Guardians v. Johanns*,
  450 F.3d 455 (9th Cir. 2006) ..............................................................14

*Godin v. Schenks*,
  629 F.3d 79 (5th Cir. 2010) ................................................................9

*Graham-Sult v. Clainos*,
  756 F.3d 724 (9th Cir. 2014) ..............................................................8

*GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*,
    445 U.S. 375 (1980) ........................................................................ 14

*Herring Networks, Inc. v. Maddow*,
    8 F.4th 1148 (9th Cir. 2021) ......................................................... 3, 8

*Hilton v. Hallmark Cards*,
    599 F.3d 894 (9th Cir. 2010) ............................................................. 8

*Jarrow Formulas, Inc. v. LaMarche*,
    31 Cal. 4th 728 (2003) ..................................................................... 13

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020) ................................................................ 9

*Langer v. Kiser*,
    578 F.4th 1085 (9th Cir. 2023) .......................................................... 8

*Liberal v. Estrada*,
    632 F.3d 1064 (9th Cir. 2011) ......................................................... 12

*Makaeff v. Trump Univ., LLC*,
    715 F.3d 254 (9th Cir. 2013) ............................................................. 8
    736 F.3d 1180 (9th Cir. 2013) ....................................... 8, 10, 11, 13

*Manzari v. Associated Newspapers Ltd.*,
    830 F.3d 881 (9th Cir. 2016) ............................................................. 8

*Mindys Cosmetics, Inc. v. Dakar*,
    611 F.3d 590 (9th Cir. 2010) ............................................................. 8

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ................................................................... 12, 14

*Navellier v. Sletten*,
    29 Cal. 4th 82 (2002) ...................................................................... 13

*In re NCAA Student-Athlete Name & Likeness Lic'g Litig.*,
    724 F.3d 1268 (9th Cir. 2013) ........................................................... 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) ......................................................... 8, 9

*Planet Aid, Inc. v. Reveal*,
44 F.4th 918 (9th Cir. 2022) ...................................................................8

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018) .......................................................*passim*
No. 16-16997, Dkt. 74 (9th Cir. Aug. 23, 2018) .............................3, 8

*Shady Grove Orthopedic Assocs. P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) ................................................................................10

*Travelers Cas. Ins. Co. of Am. v. Hirsh*,
831 F.3d 1179 (9th Cir. 2016) .................................................................8

*United States v. Alpine Land & Reservoir Co.*,
291 F.3d 1062 (9th Cir. 2002) .................................................................8

*United States v. Heredia*,
483 F.3d 913 (9th Cir. 2007) (en banc) .................................................8

*Varian Med. Sys., Inc. v. Delfino*,
35 Cal. 4th 180 (2005) .................................................................3, 12, 13

*Youngevity Int'l Corp. v. Andreoli*,
749 F. App'x 634 (9th Cir. 2019) ...........................................................8
No. 18-55031, Dkt. 50 (9th Cir. Apr. 1, 2019) .....................................8

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007) ..................................................................8

## STATUTES AND RULES

Cal. Civ. Proc. Code § 3344 .........................................................................5

Cal. Civ. Proc. Code § 425.16 ....................................................................1, 5

Cal. Civ. Proc. Code § 425.16(a) ...........................................................3, 4, 12

Cal. Civ. Proc. Code § 425.16(b) ...............................................................3

Cal. Civ. Proc. Code § 425.16(j) ............................................................3, 13

Cal. Civ. Proc. Code § 425.17(b) .........................................................4, 5, 6, 7

Cal. Civ. Proc. Code § 425.17(b)(1) .......................................................4, 6

iv

Cal. Civ. Proc. Code § 425.17(b)(2)....................................................................4, 6

Cal. Civ. Proc. Code § 425.17(b)(3)...........................................................................6

Fed. R. App. P. 35 ......................................................................................................10

Fed. R. App. P. 35(a) .............................................................................................8, 9

Fed. R. Civ. P. 12(b)(6)........................................................................................3, 11

Fed. R. Civ. P. 56 ......................................................................................................11

9th Cir. R. 35-1 .................................................................................................9, 10, 12

## LEGISLATIVE MATERIALS

Cal. Sen. Jud. Comm. Rep. on AB 1675 (1999).......................................................3

To prevent litigation from chilling protected speech, California's anti-SLAPP statute allows prompt dismissal of meritless lawsuits that target speech on public issues. Cal. Civ. Proc. Code § 425.16. That protection, this Court has long recognized, is "in the nature of immunity" from suit; it protects defendants from the burdens of litigation, not merely from liability. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003). This Court thus has repeatedly held that California's anti-SLAPP law provides substantive protection that applies when California-law claims are brought in federal court—and, like other immunities from suit, affords defendants an immediate appeal when immunity is denied.

The statute was designed for cases like this. ZoomInfo provides an online professional directory, akin to a digital version of the traditional white pages, that is entitled to full First Amendment protection. When plaintiff sued ZoomInfo under California law for providing concededly accurate, public, and non-sensitive information about her role as Political and Legislative Director for a major public-sector union, and offering access to more such information, ZoomInfo moved to strike her suit under California's anti-SLAPP law. And when the district court denied that motion, ZoomInfo took an immediate appeal to this Court.

The panel affirmed, ruling that plaintiff's suit falls within an exception to California's anti-SLAPP protections for suits brought "solely in the public interest." The district court never mentioned that exception. Plaintiff's appeal brief addressed its application in a single sentence. ZoomInfo sought panel rehearing. It explained that the California Supreme Court has held the "public interest" exception inapplicable where, as here, a plaintiff seeks any personal relief; that the panel erroneously

construed a narrow exception so broadly as to exempt virtually all class actions from California anti-SLAPP protections; and that plaintiff's suit does not merely seek to advance her *private* interests, but would hinder the *public's* interest in access to truthful information about her role directing a union's political activities. ZoomInfo requested rehearing or certification to the California Supreme Court.

The panel did not rule on ZoomInfo's petition. Instead, it ordered supplemental briefing on whether the Court should consider two questions en banc: (1) whether California anti-SLAPP protections apply in federal court; and (2) whether denial of a California anti-SLAPP motion is appealable under the collateral-order doctrine.

En banc review is unwarranted. The parties agree that this case would be an exceedingly poor vehicle to address the posited questions. Pl.Supp.Br.2. As things now stand, neither party has a practical stake in the outcome—true adversariness is absent. The panel has already affirmed denial of ZoomInfo's anti-SLAPP motion. Consequently, the posited en banc proceedings would involve a purely academic question: *how* the district court's order is upheld. Absent a change in the appeal's posture—such as granting ZoomInfo's rehearing petition—the adversariness required for sound judicial decisionmaking is lacking.

This Court, moreover, has repeatedly answered both questions in the affirmative—and repeatedly denied rehearing en banc. Those decisions correctly recognized that California's anti-SLAPP law provides immunity from suits targeting First Amendment freedoms—substantive protection that properly applies in federal court and would be lost absent immediate appeal. Even if the issue is debatable, *stare decisis* counsels decisively against overturning that longstanding precedent.

# BACKGROUND

## I.   STATUTORY BACKGROUND

California's anti-SLAPP law was enacted to combat lawsuits that "chill the valid exercise of the constitutional right[] of freedom of speech."  Cal. Civ. Proc. Code § 425.16(a).  The statute seeks "'"to prevent [these lawsuits] by ending them early and without great cost to the SLAPP target."'"  *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005).

Under § 425.16(b), a suit must be dismissed if a defendant "'make[s] a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech'" in connection with issues of public interest, unless the plaintiff shows a "'reasonable probability'" of prevailing on the merits.  *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021).  Where, as here, a defendant challenges the claims' legal sufficiency, the "reasonable-probability" standard is the same as the Rule 12(b)(6) standard.  *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *reh'g en banc denied*, No. 16-16997, Dkt. 74 (9th Cir. Aug. 23, 2018).

The California Legislature made denial of an anti-SLAPP motion immediately appealable in state courts.  § 425.16(j).  "'Without [immediate appeals],'" a defendant whose anti-SLAPP motion is incorrectly denied "'will . . . incur the cost of a lawsuit before having his or her right to free speech vindicated.'"  *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003) (quoting Cal. Sen. Jud. Comm. Rep. on AB 1675, at 4 (1999) ("Sen. Rep.")).  That would render "'the anti-SLAPP law . . . useless'" even "'[i]f the defendant [ultimately] wins.'"  *Id.* (quoting Sen. Rep. 4).

3

Consistent with those purposes, anti-SLAPP protections must be "construed broadly," §425.16(a), and exceptions "narrowly," *Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 309, 316 (2008). One exception, §425.17(b), provides that the anti-SLAPP law "does not apply to any action brought solely in the public interest or on behalf of the general public," where (among other things):

> (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class . . . ; [and]
>
> (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit . . . on the general public or a large class of persons.

The California Supreme Court has held that §425.17(b) applies only to suits "exclusively in the public interest," and "bars a litigant seeking 'any' personal" or "individualized relief" from invoking it. *Sierra Club*, 45 Cal. 4th at 317 & n.6, 320.

## II. PLAINTIFF FILES THIS ACTION SEEKING PERSONAL RELIEF BASED ON ZOOMINFO'S DIRECTORY OF ACCURATE PROFESSIONAL INFORMATION

Akin to a modern version of the white pages, ZoomInfo provides an online directory of professional contact information. Opening.Br.5. "[D]irectories" of "businesses and professionals" like ZoomInfo's are "entitled to the full protection of the First Amendment." *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 954 (9th Cir. 2012). To "prevent tort actions from choking the truthful promotion of protected speech," that protection extends to "advertisements" for protected works. *Charles v. City of Los Angeles*, 697 F.3d 1146, 1154-56 (9th Cir. 2012); Opening.Br.52-59.

Plaintiff is a Political and Legislative Director for AFSCME, a public-sector union. Opening.Br.6. If a user were to search ZoomInfo's directory for plaintiff,

ZoomInfo would provide a preview profile showing some of her professional contact information. Opening.Br.7-9. Plaintiff concedes that information is "accurat[e]." ER-157 (¶28). She does not contend the information is private; indeed, it is publicly available elsewhere. Opening.Br.9-10. The complaint alleges that a user who accesses plaintiff's profile may see links offering access to additional information, like her unredacted AFSCME email address. Opening.Br.10. Clicking those links offers access to ZoomInfo's full directory, for free or via paid subscription. *Id.*

Plaintiff filed a putative class-action complaint asserting misappropriation of her persona under California's right-of-publicity statute, Cal. Civ. Code §3344, and common law. ER-166-168. Plaintiff nowhere alleges that anyone other than her attorneys viewed her preview profile, which she could have removed from ZoomInfo at any time. Opening.Br.10, 12. Plaintiff seeks relief "individually" and on behalf of the class, including "'actual damages'" for alleged "economic and emotional" harm, and "profits" from alleged use of her persona. ER-167-169 (¶¶58-60, F-G).

## III. PROCEDURAL HISTORY

A.     ZoomInfo moved to strike plaintiff's suit under California's anti-SLAPP law, Cal. Civ. Proc. Code §425.16. The district court denied the motion, finding §425.16's requirements not satisfied. ER-16-17.

The panel affirmed "on the alternative ground"—never discussed by the district court and barely addressed by plaintiff on appeal—that this suit "falls within [§425.17(b)'s] public-interest exemption." Op.18; *see* Resp.Br.11. The panel did not address §425.17(b)'s requirement that an action be "brought *solely* in the public interest." (Emphasis added.) It addressed the additional requirements in subsections

(1)-(3).  With respect to § 425.17(b)(1), the panel found that "no California Supreme Court case answers the precise question" presented.  Op.13.  Relying on a California Court of Appeal decision, the panel ruled that § 425.17(b)(1) was satisfied because plaintiff, although she requested individualized relief, ostensibly sought all relief for the class.  Op.15.  The panel found § 425.17(b)(2) satisfied because plaintiff's suit "intersects with California's public policy goals."  Op.16.  It was enough, the panel ruled, that California recognizes a common-law and statutory right of publicity.  *Id.*

B.  ZoomInfo sought panel rehearing.  It argued that the panel miscon-strued § 425.17(b) to exempt virtually all class actions—*broadly* interpreting an exception that must be *narrowly* construed.  Pet.7-16 (ECF #75-1).  The panel deci-sion conflicted with the California Supreme Court's holding that § 425.17(b) does not apply if a litigant, like plaintiff, seeks "'*any*' personal" or "individualized relief."  *Sierra Club*, 45 Cal. 4th at 317, 320 (emphasis added); Pet.9.  The intermediate ap-pellate decision the panel invoked defied that precedent in multiple ways.  Pet.12.

ZoomInfo also argued (Pet.13-16) that the panel erred in ruling that plaintiff's action "enforce[s] an important right affecting the public interest," § 425.17(b)(2), because California recognizes a right of publicity, Op.16-18.  *Every* California-law cause of action could be said to further whatever policy motivated the cause's adop-tion; that does not mean every action enforces an important right affecting the public interest.  Pet.13-14.  Plaintiff's action, moreover, asserts individuals' *personal, proprietary interests* at the expense of the *public's interest* in dissemination of truthful information, including about union political activities.  Pet.14-16.

Alternatively, ZoomInfo argued, the panel should certify the question of

§425.17(b)'s construction to the California Supreme Court. Pet.1, 16-20. This Court regularly grants rehearing to certify state-law questions to state supreme courts, and the standards for certification are readily satisfied here. Pet.17-20.

The panel did not grant or deny ZoomInfo's petition. Instead, it ordered supplemental briefing on "whether this case should be reheard en banc to reconsider (1) whether California's anti-SLAPP statute applies in federal court, and (2) whether the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine." ECF #76.

## REASONS FOR DENYING REHEARING EN BANC

En banc review is unwarranted. This Court has repeatedly declined to revisit the issues raised in the supplemental briefing order, and properly so: This Court's precedent correctly holds that California anti-SLAPP protections apply in federal court and support immediate appeals. And even if those issues were debatable, this case would be an unsuitable vehicle for addressing them. The case's current posture leaves the parties with no practical stake in those issues, so en banc review would be a purely academic exercise. The panel already rejected ZoomInfo's anti-SLAPP motion and has not granted ZoomInfo's rehearing petition. As a result, the suggested en banc review at most concerns *alternative* grounds for the *same* outcome: denial of ZoomInfo's anti-SLAPP motion. The concrete adversariness required for sound judicial decisionmaking thus is currently absent—as plaintiff agrees, Pl.Supp.Br.2.

## I. THE ISSUES DO NOT WARRANT EN BANC REVIEW

For decades, this Court has repeatedly held that California's anti-SLAPP law applies in federal court and that denials of California anti-SLAPP motions are

7

appealable under the collateral-order doctrine.[1]  It has repeatedly denied en banc review of those issues.[2]  Where "[a] petition for rehearing *en banc* on [an] identical issue has already been rejected," this Court regularly denies en banc review.  *United States v. Alpine Land & Reservoir Co.*, 291 F.3d 1062, 1073 n.14 (9th Cir. 2002).  En banc review is likewise unwarranted here.  En banc review "is not favored," Fed. R. App. P. 35(a), and this Court does not "lightly" overturn its precedent, *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc).  There is no reason to unsettle multiple precedents this Court has repeatedly (and correctly) reaffirmed.

## A.  The *Erie* Issue Does Not Meet the Requirements for En Banc Review

En banc review is reserved for cases implicating intra-circuit conflicts or issues of national importance that require uniformity.  Whether California's anti-

---

[1] *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (California anti-SLAPP law applies in federal court); *Batzel*, 333 F.3d at 1025-26 (denial of California anti-SLAPP motion appealable as collateral order); *see Langer v. Kiser*, 57 F.4th 1085, 1104-05 (9th Cir. 2023); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140-43 (9th Cir. 2022); *Planet Aid, Inc. v. Reveal*, 44 F.4th 918 (9th Cir. 2022); *Herring*, 8 F.4th at 1155; *Youngevity Int'l Corp. v. Andreoli*, 749 F. App'x 634, 634 (9th Cir. 2019); *Planned Parenthood*, 890 F.3d at 832-35; *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1180-81 (9th Cir. 2016); *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 887 (9th Cir. 2016); *Graham-Sult v. Clainos*, 756 F.3d 724, 735 (9th Cir. 2014); *In re NCAA Student-Athlete Name & Likeness Lic'g Litig.*, 724 F.3d 1268, 1272 (9th Cir. 2013); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013); *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 & n.2 (9th Cir. 2010); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007).

[2] *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013); *CoreCivic*, No. 20-17285, Dkt. 79 (9th Cir. Oct. 20, 2022); *Youngevity*, No. 18-55031, Dkt. 50 (9th Cir. Apr. 1, 2019); *Planned Parenthood*, No. 16-16997, Dkt. 74 (9th Cir. Aug. 23, 2018).

SLAPP law applies in federal court implicates neither requirement.

1. There is no *intra*-circuit conflict. Fed. R. App. P. 35(a). Since 1999, this Court has held—and repeatedly reaffirmed—that California's anti-SLAPP law applies in federal court. *Newsham*, 190 F.3d at 970-73; *see* p. 8 n.1, *supra*. The Court has repeatedly denied en banc review on the issue. *See* p. 8 n.2, *supra*.

Nor is there any genuine *inter*-circuit conflict. 9th Cir. R. 35-1. Like this Court, the Fifth Circuit holds that state anti-SLAPP laws can apply in federal court. *Godin v. Schenks*, 629 F.3d 79, 85-92 (5th Cir. 2010). And while the Second Circuit held California's anti-SLAPP law does not apply in federal court, *La Liberte v. Reid*, 966 F.3d 79, 86-88 (2d Cir. 2020), that decision rested on the view that the statute supplied "heightened pleading standards" inconsistent with federal pleading rules. *CoreCivic*, 46 F.4th at 1143 (distinguishing *La Liberte*). But this Court does not construe California's anti-SLAPP law to heighten pleading standards, *CoreCivic*, 46 F.4th at 1143; no heightened pleading standard is at issue here. And any objection that the law supplies heightened pleading standards at most would support refusing to apply those heightened standards—not refusing to apply the law in its entirety. *Planned Parenthood*, 890 F.3d at 833.

Insofar as courts of appeals have held *other* States' anti-SLAPP laws inapplicable in federal court, "most of [those] cases" "grounded their reasoning in conflicts"—again, not present here—"between those statutes' heightened pleading standards" and the federal rules. *CoreCivic*, 46 F.4th at 1142-43. And anti-SLAPP laws differ between States. That one may conflict with federal rules does not mean that all others do too. *Cf. DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1016 (9th

Cir. 2013) (contrasting California, Oregon, and Nevada anti-SLAPP laws).

Finally, while the free-speech values animating California's anti-SLAPP law are weighty, whether that law applies in federal court is not an issue of "exceptional importance" that presents such an "overriding need for national uniformity" as to support reconsideration en banc. 9th Cir. R. 35-1; *Makaeff*, 736 F.3d at 1180 (Wardlaw, J., concurring in denial of reh'g en banc). Any decision on the issue would pertain to a single law of a single State—a far cry from the usual standards governing en banc review. Fed. R. App. P. 35; 9th Cir. R. 35-1.

2.      Regardless, this Court's current precedent is correct. To determine whether a state law applies in federal proceedings, courts first ask if that state law and a federal procedural rule "'answer the same question,'" *i.e.*, whether there is a "'direct collision'" between the state law and a federal rule. *CoreCivic*, 46 F.4th 1141-42. If not, courts determine if the state law is "substantive or procedural," examining *Erie*'s "core policies"—whether applying state law would be "outcome determinative," encourage forum shopping, or lead to inequitable administration of the law. *In re County of Orange*, 784 F.3d 520, 527-28 (9th Cir. 2015).

This Court has held that California's anti-SLAPP statute does not answer the same question as, or directly collide with, any federal rule. *CoreCivic*, 46 F.4th at 1142-43. As a result, this Court reaffirmed that its precedents applying the statute in federal court remain good law in light of the Supreme Court's decision in *Shady Grove Orthopedic Assocs. P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). *See CoreCivic*, 46 F.4th at 1140-43. This Court has explained that the anti-SLAPP law's probability-of-success standard accords with federal procedural rules: Where an

anti-SLAPP motion to strike is based on legal sufficiency, Rule 12(b)(6) standards govern; where there is a challenge based on factual sufficiency, Rule 56 standards govern. *Planned Parenthood*, 890 F.3d at 833-34; *see CoreCivic*, 46 F.4th at 1143. The anti-SLAPP law thus does *not* impose a heightened pleading standard, eliminating a sometimes-expressed rationale for refusing to apply the law in federal court. *See Makaeff*, 736 F.3d at 1189 (Watford, J., dissenting from denial of reh'g en banc).

The anti-SLAPP law is also "substantive" for *Erie* purposes. It is, like qualified immunity or double-jeopardy protections, in the "nature of immunity." *Batzel*, 333 F.3d at 1025-26. To prevent chilling First Amendment activities, it affords defendants a right not to be subject to the burdens of litigation if certain standards are met. *See* pp. 12-13, *infra*. If the anti-SLAPP law did *not* apply in federal court, it would encourage forum shopping, contrary to *Erie*'s "core policies." *County of Orange*, 784 F.3d at 527-28. Plaintiffs would have a significant incentive to evade the immunity from suit by bringing California-law claims in federal court.

### B.   The Collateral-Order Issue Does Not Warrant En Banc Review

Whether denials of California anti-SLAPP motions are immediately appealable under the collateral-order doctrine likewise does not warrant en banc review.

1.   For decades, this Court has held that denial of a California anti-SLAPP motion is immediately appealable under the collateral-order doctrine. *Batzel*, 333 F.3d at 1025-26. This Court has repeatedly reaffirmed that precedent and denied rehearing. *See* p. 8 nn.1-2, *supra*. No intra-circuit conflict on that issue exists.

Nor is there an inter-circuit conflict. No other circuit has held that the denial of a California anti-SLAPP motion is not appealable under the collateral-order doc-

11

trine. While some circuits have held that denials of motions under *other States'* anti-SLAPP laws are not immediately appealable, "the availability of an immediate appeal . . . may depend on the particular features of each state's law." *DC Comics*, 706 F.3d at 1016 (contrasting California, Oregon, and Nevada anti-SLAPP laws). For that reason, too, the issue is not of exceptional importance and does not present "an overriding need for national uniformity." 9th Cir. R. 35-1. A decision would pertain to only the denial of anti-SLAPP motions under one statute of one State.

2. This Court's precedents are correct. A denial of "immunity from suit," as opposed to "immunity from liability," is "immediately appealable." *Liberal v. Estrada*, 632 F.3d 1064, 1074-75 (9th Cir. 2011), *abrogation on other grounds recognized by Hampton v. California*, 83 F.4th 754, 772-75 (9th Cir. 2023). For example, denial of qualified immunity—at least "to the extent that it turns on an issue of law"—is immediately appealable because it provides "an *immunity from suit* rather than a mere defense to liability," which is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526-30 (1985). In *Batzel*, this Court held that California's anti-SLAPP law is likewise "in the nature of immunity" from suit, so that denial of that immunity is immediately appealable. 333 F.3d at 1025-26; *see DC Comics*, 706 F.3d at 1015-16 (reaffirming *Batzel*).

*Batzel* is correct. California's anti-SLAPP law protects free-speech rights by combating meritless suits that "chill the valid exercise" of those rights. §425.16(a). The costs those suits impose—*regardless of the ultimate outcome*—chill speech. *Varian*, 35 Cal. 4th at 192. California "sought '"to prevent [meritless lawsuits targeting speech] by ending them early and without great cost to the [defendant]."'"

*Id.* The law thus protects defendants *from suit*, not just liability. Underscoring that, California made denial of anti-SLAPP motions immediately appealable. § 425.16(j). Absent immediate appeal, "'a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated'"—rendering anti-SLAPP protections "'useless.'" *Batzel*, 333 F.3d at 1025 (quoting legislative history).

　　3.　　Concern that anti-SLAPP appeals could involve "fact-intensive" analysis, *Makaeff*, 736 F.3d at 1191 (Watford, J., dissenting from denial of reh'g en banc), does not counsel a different result. Where (as here) denial of an anti-SLAPP motion is based on the claim's legal sufficiency, no such "fact-intensive" inquiry is required, as *Planned Parenthood* makes clear. *See* 890 F.3d at 833-34; pp. 10-11, *supra*.

　　Nor is *Batzel* inconsistent with the California Supreme Court's statements that the anti-SLAPP law does not confer "'"immunity."'" Op.20 (McKeown, J., concurring) (quoting *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 744 (2003), and *Navellier v. Sletten*, 29 Cal. 4th 82, 93 (2002)); *see* Op.24 (Desai, J., concurring). In those cases, the California Supreme Court was referring to immunity *from liability*, explaining that the law does not "allow[] a defendant to escape the consequences of wrongful conduct by asserting a spurious First Amendment defense." *Navellier*, 29 Cal. 4th at 93. But the statute does afford immunity *from suit*: As the California Supreme Court has explained, the statute affords "'a right *not* to be dragged through the courts because you exercised your constitutional rights'"—a protection from "'burdens of litigation'" that is largely "'lost if the [defendant] is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process.'" *Varian*, 35 Cal. 4th at 193 (quoting *Fabre v. Wal-*

13

*ton*, 436 Mass. 517, 781 (2002)).  Thus, like qualified immunity, it is "an entitlement not to stand trial or face the other burdens of litigation"—that is, "an *immunity from suit*."  *Mitchell*, 472 U.S. at 526.

## II.   THIS CASE IS AN UNSUITABLE VEHICLE FOR EN BANC REVIEW

### A.   Absent Further Action, the Case Lacks Concrete Adversariness

The panel ruled against ZoomInfo on the ground that this case falls within the anti-SLAPP law's "public interest" exception.  *See* pp. 5-7, *supra*.  The supplemental briefing order asks whether the case should be resolved against ZoomInfo on other grounds—that the anti-SLAPP law does not apply in federal court, or does not support collateral-order appeals.  The Court's order thus does not presently ask whether the *outcome* should change; it raises only potential alternative *rationales*.

That renders this case a particularly poor vehicle for en banc review in its current posture.  It asks only *why*, not *whether*, the district court's denial of Zoom-Info's motion might stand.  Courts "'resolv[e] disputes [with] present and future consequences,'" not "'hypothetical questions of law.'"  *Forest Guardians v. Johanns*, 450 F.3d 455, 462 (9th Cir. 2006).  "The clash of adverse parties" with personal stakes in the outcome "'sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions.'"  *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 382-83 (1980).  En banc review in the present circumstances would lack that "clash."  Plaintiff agrees: She asserts that she "no longer has an interest in" the questions presented and even requests that, if the Court orders rehearing en banc, she "be excused from incurring the expense and time required to argue the issues."  Pl.Supp.Br. 2, 7.  If the questions presented

14

are important enough to merit en banc review (and they are not), the need for true adversarial proceedings is only heightened. This Court should not expend resources on en banc proceedings where the parties lack a meaningful stake in the outcome.

**B. If Further Review Is Contemplated, the Court Should Vacate the Panel Decision and Certify to the California Supreme Court**

The Court could restore this case to an adversarial posture by certifying two important questions to the California Supreme Court. First, the Court can certify the question in ZoomInfo's rehearing petition: whether this case falls within the statutory exemption for cases solely in the public interest. Pet.1. That question has profound implications for California anti-SLAPP protections. Pet.16-20. And because the California Supreme Court may answer that question differently from the panel— reviving the prospect of ZoomInfo's prevailing in this appeal—certification would restore the adversariness and concrete stakes that are currently absent.

Second, if the Court were inclined to reconsider the questions posited for en banc review, it should certify whether California's anti-SLAPP law provides an immunity from suit. *Batzel* correctly held that it does. *See* pp. 11-13, *supra*. But some members of this Court, in urging en banc review, read the California Supreme Court as indicating otherwise. *See* pp. 13-14, *supra*. Because that state-law question is essential to both potential en banc questions, this Court should seek clarity from the California Supreme Court before pursuing any en banc review.

**CONCLUSION**

En banc review is unwarranted.

15

December 4, 2023

Respectfully submitted,

s/ Jeffrey A. Lamken

Shon Morgan
  *Counsel of Record*
Daniel C. Posner
John W. Baumann
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000 (telephone)
shonmorgan@quinnemanuel.com

Cristina Henriquez
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000 (telephone)

Jeffrey A. Lamken
Lucas M. Walker
Lauren M. Weinstein
Jennifer E. Fischell
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)

Eugene A. Sokoloff
Jordan A. Rice
Kenneth E. Notter III
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
(312) 450-6700 (telephone)
(312) 450-6701 (facsimile)

Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)

*Counsel for ZoomInfo Technologies Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 22-35305

I am the attorney or self-represented party.

**This brief contains 15 pages and 4190 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[  ] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [  ] it is a joint brief submitted by separately represented parties.
    [  ] a party or parties are filing a single brief in response to multiple briefs.
    [  ] a party or parties are filing a single brief in response to a longer joint brief.

**[x]** complies with the length limit designated by court order dated November 14, 2023.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** s/ Jeffrey A. Lamken          **Date** December 4, 2023
*(use "*s/[typed name]*" to sign electronically-filed documents)*