No. 22-35305

_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

KIM CARTER MARTINEZ,
*Plaintiff-Appellee*,

v.

ZOOMINFO TECHNOLOGIES INC.,
*Defendant-Appellant*.

_____

On Appeal from the United States District Court for the
Western District of Washington, Case No. 3:21-cv-05725-MJP-BNW
District Judge Marsha J. Pechman

_____

**AMICI CURIAE BRIEF OF CALIFORNIA LABOR FEDERATION,
STATE BUILDING AND CONSTRUCTION TRADES COUNCIL OF
CALIFORNIA, SEIU CALIFORNIA STATE COUNCIL, UNITED AUTO
WORKERS, UFCW WESTERN STATES COUNCIL, AND CALIFORNIA
FEDERATION OF TEACHERS IN SUPPORT OF NEITHER PARTY**

_____

Michael Rubin
Scott A. Kronland
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:  415/421-7151
skronland@altber.com

*Attorneys for Amici Curiae*

**CORPORATE DISCLOSURE STATEMENT**

The amici curiae (California Labor Federation, State Building and Construction Trades Council of California, Service Employees International Union California State Council, United Food and Commercial Workers Union Western States Council, United Automobile, Aerospace and Agricultural Implement Workers of America International Union, and California Federation of Teachers) have no parent corporations and no publicly held corporation owns any stock in any of the amici curiae.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ........................................................... iii

INTEREST OF THE AMICI CURIAE ................................................1

INTRODUCTION ........................................................................3

BACKGROUND ........................................................................4

ARGUMENT ...........................................................................6

    I.    The Court should not use this appeal to reconsider whether California's anti-SLAPP statute applies in federal court. .....................6

        A.    The applicability issue was waived. ...........................................6

        B.    The Court's resolution of the collateral-order issue is not dependent on the applicability issue. .........................................7

        C.    The applicability issue does not present the Court with a binary choice. .........................................................................9

        D.    This case is not an example of the type of lawsuit the California Legislature was concerned about.............................11

CONCLUSION ........................................................................12

CERTIFICATE OF COMPLIANCE ...............................................14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cohen v. Beneficial Indus. Loan Corp.*,
   337 U.S. 541 (1949) ...................................................................................8

*CoreCivic, Inc. v. Candide Grp., LLC*,
   46 F.4th 1136 (9th Cir. 2022) ...............................................................8, 10

*Edward Lewis Tobinick, MD v. Novella*,
   848 F.3d 935 (11th Cir. 2017) ...................................................................6

*Ernst v. Carrigan*,
   814 F.3d 116 (2d Cir. 2016) ......................................................................7

*Gasperini v. Ctr. for Humans., Inc.*,
   518 U.S. 415 (1996)................................................................................8, 9

*Gunn v. Drage*,
   65 F.4th 1109 (9th Cir. 2023) ...................................................................10

*Hanna v. Plumer*,
   380 U.S. 460 (1965)................................................................................8, 9

*Indep. Living Ctr. of S. California, Inc. v. Kent*,
   909 F.3d 272 (9th Cir. 2018) ....................................................................10

*Liberty Synergistics Inc. v. Microflo Ltd.*,
   718 F.3d 138 (2d Cir. 2013) ......................................................................7

*Nat'l Aeronautics & Space Admin. v. Nelson*,
   562 U.S. 134 (2011)...................................................................................7

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
   190 F.3d 963 (9th Cir. 1999) .................................................................3, 12

*Steel Co. v. Citizens for a Better Environment*,
   523 U.S. 83 (1998)......................................................................................9

*Walker v. Armco Steel Corp.*,
   446 U.S. 740 (1980)...................................................................................8

iii

*Wilcox v. Superior Court*,
   27 Cal.App.4th 809 (1994) ...................................................................................11

*Will v. Hallock*,
   546 U.S. 345 (2006).............................................................................................8

**Federal Statutes**

28 U.S.C.
   § 1291.....................................................................................................................7
   § 2072.....................................................................................................................8

**California Statutes**

California Code of Civil Procedure
   § 128.7..................................................................................................................11
   § 425.16(a) ............................................................................................................1
   § 425.16(c) ..........................................................................................................10
   § 425.17..................................................................................................................5
   § 1021.5................................................................................................................10

**Rules**

Federal Rules of Civil Procedure,
   Rule 11 .................................................................................................................11
   Rule 12 .................................................................................................................11
   Rule 12(b)(1).........................................................................................................5
   Rule 12(b)(6)....................................................................................................5, 10
   Rule 56 .................................................................................................................11

# INTEREST OF THE AMICI CURIAE[1]

The amici curiae listed below are labor organizations that represent millions of California workers. California's Legislature adopted an anti-SLAPP statute in 1993 to curtail the use of lawsuits "to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code Civ. Proc. §425.16(a). Since that time, labor organizations and the workers they represent have frequently responded to baseless lawsuits challenging their exercise of protected speech by filing anti-SLAPP motions to preserve their rights and discourage meritless, but expensive SLAPP litigation.

California's anti-SLAPP statute, like similar statutes enacted by legislative bodies throughout the country, serves important public policies that apply no less to claims filed in (or removed to) federal court than those being litigated in state court. Indeed, because part of the point of the anti-SLAPP statute is to deter the filing of "SLAPP-able" claims in the first place, a decision prohibiting the targets of SLAPP lawsuits from asserting the core substantive protections of California's anti-SLAPP statute in federal court would seriously undermine California public policy and would make amici and others far more vulnerable to harassing and chilling, but baseless, lawsuits directed against their protected speech. For these reasons, amici have a substantial interest in the issues before the Court.

---

[1] This brief is filed with the consent of all parties. No party's counsel authored the brief in whole or in part or contributed money intended to fund preparing or submitting the brief. No person, other than amici curiae, their members, or their counsel, contributed money intended to fund preparing or submitting the brief.

1

The **California Labor Federation** comprises more than 1,200 unions, representing about 2.1 million California workers in manufacturing, retail, construction, hospitality, public sector, health care, entertainment and other industries. The **State Building and Construction Trades Council of California** is a labor federation with more than 150 affiliated local unions and district councils and 22 affiliated local building trades councils, which collectively represent about 500,000 construction workers. The **Service Employees International Union California State Council** is comprised of SEIU local unions that represent over 700,000 California workers, including nurses, healthcare workers, janitors, social workers, security officers, in-home caregivers, school and university employees, court workers, and city, county and state employees. The **United Food and Commercial Workers Western States Council** is the regional coordinating body for nine UFCW locals in California representing over 185,000 workers in the agricultural, food processing, grocery, pharmacy, cannabis, and retail industries. The **United Automobile, Aerospace and Agricultural Implement Workers of America International Union** represents over 1 million active and retired workers nationwide, including higher education workers, automobile and aerospace workers, truck drivers, and nonprofit and legal services workers in California. The **California Federation of Teachers** is a labor organization of educators and classified professionals comprising more than 135 local unions across California, representing more than 120,000 employees working at every level of public and private education.

# INTRODUCTION

The Court directed the parties to submit supplemental briefs addressing "whether this court should overrule its prior precedent" on two issues. 9th Cir. Dkt. 89. Those issues are: (1) whether "the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine" (the collateral-order issue), and (2) whether "California's anti-SLAPP statute applies in federal court" (the applicability issue). *Id.* Amici urge the Court to limit the scope of en banc review to the first, collateral-order issue, and not to use this case as the vehicle for reconsidering its precedents beginning with *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999), regarding the applicability in federal court of the core protections provided by California's anti-SLAPP statute.

Plaintiff-Appellee Kim Martinez (Martinez) did not challenge applicability below, either in the district court or to the panel, and she has therefore waived the applicability issue. Nor is the applicability issue otherwise properly before the en banc court now, as it is neither jurisdictional nor necessarily embedded in the threshold collateral-order issue. Whether this Court has appellate jurisdiction over a defendant's immediate appeal from a district court's denial of an anti-SLAPP motion is an independent, threshold issue that does not turn on the same questions or analysis as the applicability issue. If the Court concludes that it lacks appellate jurisdiction, the Court must dismiss the appeal—and it would have no reason to reach applicability. If the Court concludes that it has appellate jurisdiction, there is still no good reason to reach the applicability issue because, as the three-judge

panel of this Court concluded, it is plain on the record in this case that the anti-SLAPP statute, by its own terms, did not apply to the plaintiff's claims.

The applicability issue, moreover, raises a host of potential sub-issues and does not present the Court with a binary choice between applicable-as-a-whole and not-applicable-at-all. Under this Court's precedents, some provisions of the anti-SLAPP statute have been held to apply in federal court, while others have been held not to apply. This case, in which the anti-SLAPP statute has been found not to apply at all—and would not have applied even if the case were in state rather than federal court—presents a poor vehicle for considering all the nuances that could be presented in a different case. Finally, but no less important, this case does not remotely implicate the policy interests that led the California Legislature to adopt the anti-SLAPP statute. Defendant ZoomInfo Technologies, Inc. (ZoomInfo) is a multi-billion-dollar, publicly traded company, and its anti-SLAPP motion failed for whole series of reasons. Whether all or part of California's anti-SLAPP statute applies in federal court is a very important issue. The reconsideration of that issue would have a broad impact, especially on individuals and non-profit organizations that cannot afford to defend expensive but baseless SLAPP claims. This defendant is not the right champion to defend the application of the anti-SLAPP statute.

## BACKGROUND

This appeal arises from a defendant's unsuccessful and unsympathetic invocation of California's anti-SLAPP statute.

Plaintiff Martinez alleged in her complaint that defendant ZoomInfo violated California law by using her name and personal information to advertise

4

subscriptions to zoominfo.com. ER-150–69. ZoomInfo moved to dismiss Martinez's complaint under Rule 12(b)(1) and 12(b)(6) and included a two-page argument for dismissal under California's anti-SLAPP statute. ER-146–47. The district court denied ZoomInfo's motion in its entirety. ER-3–22. The district court held that ZoomInfo's anti-SLAPP motion failed because Martinez's claims did not arise from ZoomInfo's speech about a matter of public concern and because, in any event, Martinez's complaint alleged viable claims. ER-16–17.

ZoomInfo appealed the denial of its anti-SLAPP motion. The three-judge appellate panel reasoned that the district court had "put the cart before the horse" by not first considering whether Martinez' claims were exempt from the anti-SLAPP statute. Slip. Op. at 9, 12. The panel held that Martinez's claims were "exempt from California's anti-SLAPP law" under California Code of Civil Procedure §425.17 because the "case is brought solely in the public interest." Slip. Op. at 12. Accordingly, the panel "affirm[ed] the district court's denial of ZoomInfo's motion to strike Martinez's complaint under California's anti-SLAPP law on the alternative ground that Martinez's complaint falls within the public-interest exemption to the anti-SLAPP law." *Id.* at 18.

The panel then sua sponte ordered the parties to file "supplemental briefs addressing whether this case should be reheard en banc to reconsider (1) whether California's anti-SLAPP statute applies in federal court, and (2) whether the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine." 9th Cir. Dkt. 76. Although both

parties asked the Court not to rehear this case en banc, the Court ordered an en banc rehearing.

## ARGUMENT

I. **The Court should not use this appeal to reconsider whether California's anti-SLAPP statute applies in federal court.**

Even if the Court uses this case as the vehicle for reconsidering "whether the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine" (the collateral-order issue), the Court should not reconsider "whether California's anti-SLAPP statute applies in federal court" (the applicability issue). There are multiple reasons why this case is the wrong vehicle for reaching the applicability issue.

### A. The applicability issue was waived.

As an initial matter, whether the anti-SLAPP statute applies in federal court is not a jurisdictional issue and thus can be, and in this case was, waived by Martinez's failure to raise applicability at any point in the district court proceedings. *See* ER-76–82 (Martinez's opposition to the anti-SLAPP motion); *see also Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 943–45 (11th Cir. 2017) (holding that "Appellants waived their challenge to the district court's application of California's anti-SLAPP statute based on the *Erie* doctrine" by failing to raise the issue in the district court).

Martinez waived the applicability issue yet again by not raising it in her Answering Brief to the panel in this Court. *See* 9th Cir. Dkt. 45, at 9–16 (arguing that denials of anti-SLAPP motions are not appealable collateral orders, not that

the anti-SLAPP statute is unavailable in federal court). Martinez also urged this Court *not* to grant rehearing en banc. 9th Cir. Dkt. 77.

That being so, this is not an appropriate vehicle for considering the applicability issue. "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 147 n.10 (2011) (*quoting Carducci v. Regan*, 714 F.2d 171, 177 (C.A.D.C.1983) (Scalia, J.)).

### B. The Court's resolution of the collateral-order issue is not dependent on the applicability issue.

Whether this Court has appellate jurisdiction is a threshold issue that does not depend on the applicability issue. For example, in *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 156–57 (2d Cir. 2013), the Second Circuit held that an appeal from the refusal to entertain an anti-SLAPP motion *is* an appealable collateral order and did not go on to decide whether the state anti-SLAPP statute applies in federal court. In *Ernst v. Carrigan*, 814 F.3d 116, 118–22 & n.1 (2d Cir. 2016), the Second Circuit held that the denial of an anti-SLAPP motion *is not* an appealable order and, again, did not go on to decide whether the anti-SLAPP statute applies in federal court.

Moreover, the legal questions implicated by the applicability issue are not embedded in the necessarily threshold issue of whether this Court has appellate jurisdiction. Whether an order is immediately appealable depends on whether the order is a "final" decision within the meaning of 28 U.S.C. §1291, which the

Supreme Court has given a "practical rather than a technical construction." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949). For an order to qualify as a "final" decision under the collateral order doctrine, the order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks omitted).

By contrast, whether a provision of the anti-SLAPP statute applies in federal court depends on an entirely separate analysis. The Court must decide, first, whether the particular provision of the state statute is in "direct conflict" with an applicable Federal Rule of Civil Procedure. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50 (1980); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141–23 (9th Cir. 2022). In this regard, "[f]ederal courts have interpreted the Federal Rules … with sensitivity to important state interests and regulatory policies." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 428 n.7 (1996). If a directly conflicting Federal Rule does govern the issue, the Court must decide whether the Federal Rule is "within the scope of the Rules Enabling Act, 28 U.S.C. §2072, and if so, within a constitutional grant of power such as the Necessary and Proper Clause of Art. I." *Walker,* 446 U.S. at 747–48.

If the provision of the anti-SLAPP statue does not directly conflict with a (valid) Federal Rule, the Court must make a "relatively unguided *Erie* choice" by deciding whether the provision of the state law should be considered "substantive" for *Erie* purposes. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). This can be a "a

challenging endeavor," *Gasperini*, 518 U.S. at 427, because "*Erie*-type problems [are] not to be solved by reference to any traditional or common-sense substance-procedure distinction," and the Court must consider "the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna*, 380 U.S. at 465–66, 468.

Thus, resolution of the collateral-order issue does not require the Court to analyze any of the questions presented by the applicability issue. Moreover, if the Court concludes that it lacks appellate jurisdiction, it would lack the power to consider those questions. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)). If Court concludes that it has appellate jurisdiction, the Court would have the power to go further, but there still would be no good reason to reach the applicability issue: The panel decision already concluded that the anti-SLAPP statute does not apply here, by the anti-SLAPP statute's own terms. *See supra* at 5. Whether an anti-SLAPP motion would be available in a different federal case does not matter to the disposition of this appeal.

### C. The applicability issue does not present the Court with a binary choice.

This case also is not an appropriate vehicle for considering the applicability issue because some provisions of California's anti-SLAPP statute may apply in

federal court even if other provisions do not. This Court has issued decisions "weeding out specific provisions of the law that ran afoul of the *Erie* doctrine and fine-tuning [the] application of those provisions that remained." *CoreCivic*, 46 F.4th at 1140; *see also Gunn v. Drage*, 65 F.4th 1109, 1119–20 (9th Cir. 2023). This appeal, which involves claims that are outside the scope of the anti-SLAPP statute in the first place, does not provide an opportunity to consider all the nuances that might legitimately arise in a case that included claims that were generally encompassed by the statute and that raised questions about which specific provisions of that statute might apply in federal court.

For example, one significant provision of the anti-SLAPP statute entitles the prevailing defendant to recover attorney's fees as a matter of right, Cal. Code Civ. Proc. §425.16(c), a provision that furthers the statutory goals of deterring SLAPP claims and compensating the targets of SLAPP claims. As a general matter, a state statute granting entitlement to attorney's fees applies to state law claims in federal court. *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 283–84 (9th Cir. 2018). Thus, a plaintiff who prevails on a California law claim and shows that the plaintiff meets the requirements for attorney's fees under applicable California fee-shifting law, such as its private attorney general statute (Cal. Code Civ. Proc. §1021.5), can recover attorney's fees in federal court.

There is no logical reason why, at the least, a defendant that obtains the dismissal of a California law claim as meritless under the Rule 12(b)(6) standard should not be able to recover attorney's fees under the anti-SLAPP statute as well, by demonstrating that the claim arose from that defendant's free speech activity

about a public issue. Yet that issue is not squarely before this Court, and this case is not an appropriate vehicle for considering that issue, because the anti-SLAPP statute by its own terms did not apply to the plaintiff's claims.

### D. This case is not an example of the type of lawsuit the California Legislature was concerned about.

Finally, the Court should not use this case as the vehicle for reconsidering its applicability precedents because this case does not implicate any of the policies that led the California Legislature to adopt an anti-SLAPP statute. The Legislature was concerned about "meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." *See Wilcox v. Superior Court*, 27 Cal.App.4th 809, 816–17 (1994) (discussing the history). That is not this case.

The availability of sanctions is not enough to deter such SLAPP claims because sanctions (whether under Rule 11 or Cal. Code Civ. Proc. §128.7) are rarely granted and apply only when a claim is frivolous, rather than meritless. The availability of ordinary motions to dismiss (whether under Rule 12 or California demurrer law) and ordinary summary judgment motions (whether under Rule 56 or California law) are not enough to protect the targets of SLAPP claims either. Even when claims are dismissed on the pleadings, the defendant cannot recover its attorney's fees. If the plaintiff's claims make it past the pleading stage, the defendant typically must undergo the burden and expense of full discovery before a summary judgment motion will be adjudicated. The prevailing defendant on summary judgment or summary adjudication also never recovers its attorney's

fees. Common citizens and small non-profit organizations (like many labor unions) can be ruined by the costs of defending meritless claims that arise from their exercise of the constitutional right to speak and petition about public issues.

ZoomInfo is a multi-billion-dollar, for-profit, public company that can likely well afford to pay attorneys to defend lawsuits brought against it. The district court concluded that ZoomInfo's anti-SLAPP motion was meritless because, among other things, the plaintiff's claims did not arise from ZoomInfo's speech about a public issue. *See supra* at 5. The three-judge appellate panel concluded that the district court should not have even reached that issue because Martinez's claims were encompassed by the public-interest exception to the anti-SLAPP statute. *Id.* Using this appeal as the vehicle for reconsidering the applicability of California's anti-SLAPP statute would therefore not give the Court a sufficiently comprehensive or nuanced understanding of the important statutory and policy interests at stake. Nor is ZoomInfo the right champion of the interests of the parties who would be harmed the most if the Court reconsiders the applicability issue and overrules *Newsham* and its progeny.

## CONCLUSION

The Court should not use this appeal as a vehicle for reconsidering whether provisions of the California anti-SLAPP statute apply in federal court.

Dated:  February 8, 2024      Respectfully submitted,

Michael Rubin
Scott A. Kronland
ALTSHULER BERZON LLP

*/s/ Scott A. Kronland*
    Scott A. Kronland

*Attorneys for Amici Curiae*

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 22-35305

I am the attorney or self-represented party.

**This brief contains** 3,139 **words,** including _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◉ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/Scott A. Kronland **Date** February 8, 2024
*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*

14