# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KIM CARTER MARTINEZ,

*Plaintiff-Appellee*,

v.

ZOOMINFO TECHNOLOGIES INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the U.S. District Court for the Western District of Washington
No. 3:21-cv-05725-MJP
Hon. Marsha J. Pechman, District Judge

## SUPPLEMENTAL BRIEF FOR PLAINTIFF-APPELLEE
## KIM CARTER MARTINEZ

Ben Osborn
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Sam Strauss
sam@turkestrauss.com
Raina Borrelli
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff-Appellee*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... ii

TABLE OF AUTHORITIES ....................................................................... iii

STATEMENT OF ISSUES PRESENTED ............................................................1

ARGUMENT ...............................................................................................1

I. This Court should overrule its prior precedent holding that California's anti-SLAPP statute applies in federal court. .....................1

   A. Because California's anti-SLAPP statute answers the same questions the Federal Rules of Civil Procedure do, the statute cannot apply in federal court. .......................................................2

   B. *Newsham* was wrongly decided. ..................................................6

II. The Court should revisit *Batzel* in light of *Will* and rule that interlocutory appeals of anti-SLAPP denials are not available in federal court. ...................................................................................8

CONCLUSION ..............................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

*Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015) ......................3

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ..................................................8, 10

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) .......................................................4

*Carbone v. Cable News Network, Inc.*,

      910 F.3d 1345 (11th Cir. 2018) .................................................. 3, 4, 5, 7, 8

*Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949).............................................7

*CoreCivic, Inc. v. Candide Grp.*, No. 20-17285 (9th Cir. Aug. 30, 2022)............2, 9

*Flo & Eddie, Inc. v. Pandora Media, LLC*, No. 20-56134

      (9th Cir. June 2, 2022) ..................................................................................10

*Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010) .........................................................3

*Hanna v. Plumer*, 380 U.S. 460 (1965) ....................................................................5

*Intercon Sols., Inc. v. Basel Action Network*,

      969 F. Supp. 2d 1026 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015)...3

*Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019) ......................................................3

*La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) .....................................................3, 5

*Lampo Grp., LLC v. Paffrath*, No. 18-cv-1402,

      2019 WL 3305143 (M.D. Tenn. July 23, 2019)..............................................3

*Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*,

      885 F.3d 659 (10th Cir. 2018) .........................................................................3

*Makaeff v. Trump Univ.*, 736 F.3d 1180 (9th Cir. 2013)......................................7, 9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,

      890 F.3d 828 (9th Cir. 2018) .........................................................................10

*Sessa v. Ancestry*.com, 591 F.Supp.3d 1008 (D. Nev. 2021) .................................11

*Sessa v. Ancestry.com*, No. 20-cv-02292 (D. Nev. filed Dec. 17, 2020)..................11

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,

     559 U.S. 393 (2010)...................................................................... 2, 4, 6, 7, 8

*Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179 (9th Cir. 2016).............9, 10

*U.S. v. Johnson*, 256 F.3d 895 (9th Cir. 2001) ........................................................2

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,

     190 F.3d 963 (9th Cir. 1999) ................................................................ 1, 6, 8

*Will v. Hallock*, 546 U.S. 345 (2006)............................................................ 8, 9, 10

**Statutes**

Cal. Code Civ. Proc. § 425.16 .................................................................. 4, 5, 6, 8

Fed. R. Civ. P. 11 ....................................................................................................6

Fed. R. Civ. P. 12 ....................................................................................................4

Fed. R. Civ. P. 26 ....................................................................................................5

Fed. R. Civ. P. 56....................................................................................................5, 7

Fed. R. Civ. P. 8 .....................................................................................................4

**STATEMENT OF ISSUES PRESENTED**

On January 18, 2024, this Court granted rehearing en banc of its September 21, 2023, opinion affirming the district court's denial of ZoomInfo's anti-SLAPP motion.[1] On February 1, 2024, this Court directed the parties to submit supplemental briefing on the following issues:

1. Whether this Court should overrule its prior precedent holding that California's anti-SLAPP statute applies in federal court;

2. Whether this Court should overrule its prior precedent holding that the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine.

In compliance with this Court's order, Plaintiff submits the following.

**ARGUMENT**

**I.      This Court should overrule its prior precedent holding that California's anti-SLAPP statute applies in federal court.**

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.* established the availability of California's anti-SLAPP procedures in this Circuit. 190 F.3d 963, 972–73 (9th Cir. 1999). Recently, a three-judge panel "decline[d] to overrule" *Newsham* because a three judge panel "may overrule the decision of a prior panel

---

[1] Both parties submitted briefs arguing this Court should not grant rehearing en banc. *See* Dkt. Nos. 77 and 78.

only where an intervening higher authority is clearly irreconcilable," and the authority identified by the parties was neither intervening nor clearly irreconcilable. *Id.*, at *11-12. *CoreCivic, Inc. v. Candide Grp.*, No. 20-17285, Dkt. No. 75-1, at *11-12 (9th Cir. Aug. 30, 2022).[2] But the present matter will be heard en banc, and "the en banc court has the authority to overrule the holding of a three judge panel," irrespective of the presence or absence of intervening higher authority. *U.S. v. Johnson*, 256 F.3d 895, 921 (9th Cir. 2001). Because California's anti-SLAPP procedures are inconsistent with the Federal Rules of Civil Procedure, the en banc court should exercise its authority to overrule *Newsham*.

> **A.  Because California's anti-SLAPP statute answers the same questions the Federal Rules of Civil Procedure do, the statute cannot apply in federal court.**

That this Circuit allows California's anti-SLAPP statute to be applied in federal court places it on the wrong side of a Circuit split. A federal court exercising diversity jurisdiction will not apply a state's law if a Federal Rule of Civil Procedure "answers the question in dispute." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010). Courts "do not wade into *Erie's* murky waters unless the federal rule is inapplicable or invalid." *Id.*, at 398.

---

[2] Plaintiff agrees with the positions taken and arguments made on this issue in Plaintiff-Appellant's briefing from *CoreCivic*.

Following *Shady Grove*, five Circuits have held that California's anti-SLAPP statute or an analogous state anti-SLAPP statute cannot apply in federal court. *See La Liberte v. Reid*, 966 F.3d 79, 86-88 & n.1 (2d Cir. 2020) (California's Anti-SLAPP Statute cannot apply in federal court); *Klocke v. Watson*, 936 F.3d 240, 244-49 (5th Cir. 2019) (Texas's anti-SLAPP statute);[3] *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349-57 (11th Cir. 2018) (Georgia's anti-SLAPP statute); *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc*., 885 F.3d 659, 673 (10th Cir. 2018) (New Mexico's anti-SLAPP statute); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333-37 (D.C. Cir. 2015) (Kavanaugh, J.) (D.C.'s anti-SLAPP statute). And a sixth Circuit has affirmed a district court decision holding the same. *See Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1050 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015) (Washington's anti-SLAPP statute); *see also Lampo Grp., LLC v. Paffrath*, No. 18-cv-1402, 2019 WL 3305143, at *3 (M.D. Tenn. July 23, 2019) (California's anti-SLAPP statute). Only the First Circuit has held otherwise, but its opinion misread *Shady Grove* by treating a one-Justice concurrence as the majority opinion. *See Godin v. Schencks*, 629 F.3d 79, 88-90 (1st Cir. 2010); *see also Intercon Sols*., 969 F. Supp. 2d at 1050 (explaining that *Godin*

---

[3] Some earlier Fifth Circuit opinions assumed without analysis that a state anti-SLAPP statute applied in federal court. *See, e.g.*, *Henry v. Lake Charles American Press*, 566 F.3d 164 (5th Cir. 2009) (Louisiana's anti-SLAPP law).

relied on Justice Stevens' single-Justice concurrence, and the Court's plurality opinion rejected the portion of the concurrence upon which *Godin* relied).

California's anti-SLAPP statute "answers" the same procedural "question[s]" the Federal Rules of Civil Procedure do. *See Shady Grove*, 559 U.S. at 398-99. **First**, California's anti-SLAPP statute answers the question of what pleading standard applies before discovery. The plaintiff must "establish[] a probability that he or she will prevail on the claim," or the complaint will face outright dismissal pursuant to a special motion to strike. Cal. Code Civ. Proc. § 425.16(b)(3); *see La Liberte*, 966 F.3d at 87. The plaintiff must make this showing *before* obtaining discovery, unless the plaintiff moves the court and demonstrates "good cause" to conduct "specified discovery" needed to oppose the motion to strike. Cal. Code Civ. Proc. § 425.16 (g) (the filing of a motion to strike automatically stays discovery).

Rules 8 and 12 answer the same question differently. *See Carbone*, 910 F.3d at 1350 ("Rules 8 and 12 define the criteria for assessing the sufficiency of a pleading before discovery").  Rule 8(a)(2) provides that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." A claim satisfies the requirement of Rule 8(a) – and avoids dismissal under Rule 12(b)(6) – if the complaint alleges facts sufficient to establish that the claim is "plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see La*

*Liberte*, 966 F.3d at 87. If the complaint meets this standard, the plaintiff may obtain discovery, without needing to show "good cause." *See* Rule 26.

**Second**, California's anti-SLAPP statute answers the question of what showing is required to proceed to trial. "California's anti-SLAPP statute . . . require[s] the plaintiff to prove that it is likely, and not merely possible, that a reasonable jury would find in his favor." *La Liberte*, 966 F.3d at 87 (*quoting Carbone*, 910 F.3d at 1353). This "conflicts with Rule 56," which answers the same question differently. *Id.* Under Rule 56, summary judgment is permitted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Rule thus "enables plaintiffs to proceed to trial by identifying any genuine dispute of material fact," *id.* This is a materially different and lower standard than the "probability that he or she will prevail" required by California's anti-SLAPP statute. *See* Cal. Code Civ. Proc. § 425.16(b)(3). And it places the burden of persuasion on the defendant seeking to avoid trial, not the plaintiff.

Taken together, Rules 8, 12, and 56 "express with unmistakable clarity that proof of probability of success on the merits is not required in federal courts to avoid pretrial dismissal." *Carbone*, 910 F.3d at 1353 (quoting *Hanna v. Plumer*, 380 U.S. 460, 470 (1965)). Thus, California's anti-SLAPP statute "requires the plaintiff to make a showing that the Federal Rules do not require." *La Liberte*, 966 F.3d at 87.

**Third,** California's anti-SLAPP statute answers the question of when defendants are entitled to an award of attorneys' fees. California's anti-SLAPP statute requires a mandatory fee award if the defendant prevails on a special motion to strike. Cal. Code Civ. P. § 425.16(b)-(c). Rule 11 answers the same question differently. Under that Rule, a court "may award to the prevailing party . . . attorney's fees" only if the defendant shows the complaint violates the standards set out in Rule 11(b) – *i.e.*, only if the complaint is frivolous and/or presented for an "improper purpose."

Thus, California's anti-SLAPP law answers many of the same questions the Federal Rules do. Because California's anti-SLAPP statute provides different "answers" to the same procedural "question[s]," under *Shady Grove*, and consistent with the reasoning of most Circuits, California's anti-SLAPP statute cannot apply in federal court. *See Shady Grove*, 559 U.S. at 398-99.

### B. *Newsham* was wrongly decided.

In ruling there was no conflict between California's anti-SLAPP statute and the Federal rules, the *Newsham* panel relied on reasoning its sister Circuits have subsequently criticized. 190 F.3d 963, 972–73 (9th Cir. 1999). The panel reasoned that the anti-SLAPP statute "is crafted to serve an interest not directly addressed by the Federal Rules: the protection of 'the constitutional rights of freedom of speech and petition for redress of grievances.'" 190 F.3d at 973 (*quoting* Cal. Civ. P. Code

§ 425.16(a)). As the Eleventh Circuit reasoned, this argument "fails to appreciate that a special purpose distinct from that of the relevant Federal Rules is insufficient to eliminate a conflict between the Federal Rules and a state statute." *Carbone*, 910 F.3d at 1356. Stated differently, under *Shady Grove* it does not matter *why* California's anti-SLAPP statute answers the same questions differently from the Federal Rules; the only relevant question is *whether* it does so. *See Shady Grove*, 559 U.S. at 398-99.

The *Newsham* panel also suggested that, under *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949), state statutes may add additional procedural requirements beyond those in the Federal Rules, so long as they do not purport to abrogate requirements in the Rules. 190 F.3d at 972. In other words, *Newsham* suggested that state procedural laws may add, but may not subtract. *See also Makaeff v. Trump Univ.*, 736 F.3d 1180, 1182 (9th Cir. 2013) (Wardlaw, J., concurring in the denial of rehearing en banc). But California's anti-SLAPP statute *does* subtract procedural requirements. The addition of a procedural requirement from the plaintiff's perspective is equivalent to the subtraction of that requirement from the defendant's perspective. For example, under the Federal Rules, to obtain summary judgment before trial, the defendant must "show[] that there is no genuine dispute as to any material fact." Rule 56. California's anti-SLAPP statute subtracts this requirement. Under the California statute, the defendant need not show the absence

of a genuine factual dispute to obtain pre-trial dismissal, but rather need only move to strike, after which it will obtain dismissal if the plaintiff fails to show a probability of prevailing at trial. *See* Cal. Code Civ. P. § 425.16(b)(3).

Furthermore, as the Eleventh Circuit reasoned in *Carbone*, "[t]he existence of a conflict does not invariably depend on whether the state law abrogates a procedural right conferred by the Federal Rules, but instead turns on whether the Federal Rules and the state statute answer the same question." 910 F.3d at 1351 (quoting *Shady Grove*, 559 U.S. at 401). In other words, the panel again asked the wrong question: it does not matter whether the state statute *adds or subtracts* relative to the Federal Rule, but rather whether it *answers the same questions*.

\*\*\*\*\*

For these reasons, *Newsham* should be overruled.

**II.    The Court should revisit *Batzel* in light of *Will* and rule that interlocutory appeals of anti-SLAPP denials are not available in federal court.**

Nearly 20 years ago, this Court ruled that defendants may appeal denials of state anti-SLAPP motions before final judgment. *See Batzel v. Smith*, 333 F.3d 1018, 1024–26 (9th Cir. 2003). As many Judges in this Circuit have since opined, this rule is inconsistent with the "modest scope" of the collateral order doctrine as clarified in an intervening Supreme Court decision, *Will v. Hallock*, 546 U.S. 345, 349 (2006). Under *Will*, interlocutory review is available only for rare orders that meet three

"stringent" conditions. *Id*. As relevant here, the order must "resolve an important issue completely separate from the merits of the action." *Id*. Because a district court's denial of an anti-SLAPP motion is not completely separate from the merits, interlocutory appeal cannot be available.

The Court should bring this Circuit's approach in line with *Will* by ruling that defendants must await final judgment before appealing an anti-SLAPP motion. At the very least, the Court should rule that interlocutory appeal is unavailable where the district court rules the plaintiff "has shown a reasonable probability of prevailing on the merits." ER-17. In such cases, review necessarily implicates the merits.[4]

In a dissenting opinion in *Makaeff v. Trump University, LLC*, 736 F.3d 1180 (9th Cir. 2013), four Judges of this Circuit – Judges Watford, Paez, Bea, and then Chief Judge Kozinski – opined that the Ninth Circuit "should stop entertaining interlocutory appeals from rulings on [anti-SLAPP] motions" because allowing such appeals is not "consistent with controlling Supreme Court precedent." *Id.*, at 1188 & 1190. An order denying an anti-SLAPP motion "doesn't satisfy" the conditions in *Will* because California's anti-SLAPP inquiry asks whether "the plaintiff has

---

[4] In *CoreCivic, Inc. v. Candide Grp.*, No. 20-17285 (9th Cir. Aug. 30, 2022), the Court did not have occasion to visit the availability of interlocutory appeal. *See Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1183 (9th Cir. 2016) (Kozinski and Gould, concurring) (even if the Court retains anti-SLAPP motions in federal court, it should "[a]t the very least . . . reassess . . . the right to an immediate appeal").

established that there is a probability that the plaintiff will prevail." *Id.* (quoting Cal. Civ. Proc. Code § 425.16 (b)(1)). This inquiry requires "assessing the merits of the claim itself" and therefore is not "completely separate from the merits." *Id.*, at 838.

In *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018), Judge Gould, who previously joined the opinion in *Batzel*, wrote that he "now believes the interlocutory appeal of this issue is incorrect, potentially conflicts with federal procedural rules, and burdens the federal courts with unneeded interlocutory appeals." *Id.*, at 835. Many judges in this Circuit agree it is time to revisit anti-SLAPP interlocutory appeals. In addition to the five discussed above, now-Chief Judge Murguia joined Judge Gould's opinion in *Planned Parenthood*. And Judge Bress recently wrote a concurrence joining this consensus. *Flo & Eddie, Inc. v. Pandora Media, LLC*, No. 20-56134 (9th Cir. June 2, 2022) (unpublished).

This appeal presents a perfect opportunity for this Circuit to revisit *Batzel* and align this Circuit's understanding of the collateral order doctrine with *Will v. Hallock* and its sister Circuits. The risks that prompted many judges to urge revisiting *Batzel* are manifest here. Because Judge Pechman ruled that ZoomInfo's anti-SLAPP motion "must be denied because Martinez has shown a reasonable probability of prevailing on the merits," ER-17, reviewing the Order would require this Court "to dive headlong into the merits." *See Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1185 (9th Cir. 2016). Indeed, ZoomInfo explicitly asks the Court to evaluate

the "Merits." Opening Brief, at \*52. ZoomInfo devotes most of its brief to arguing that this Court should re-evaluate the district court's findings that Plaintiff showed actionable injury and that the statutory "public interest" exception does not apply. *See* Opening Brief, at \*52-61; 21-35. This "exhaustive (and exhausting) detour [into the merits] is exactly what the final judgment rule is designed to avoid." *Travelers*, 831 F.3d at 1185.

Allowing interlocutory review also raises the risk that defendants will use the appeal of a "meritless motion to strike" as a procedural delay tactic. *Id.*, at 1184. Counsel representing ZoomInfo also represented Ancestry.com in the related case *Sessa v. Ancestry.com*, No. 20-cv-02292 (D. Nev. filed Dec. 17, 2020); appeal docketed, No. 21-16618 (9th Cir.). In *Sessa*, as here, the defendant filed an anti-SLAPP motion, which was denied. 591 F. Supp. 3d 1008, 1034-35 (D. Nev. 2021). There, as here, the defendant filed an interlocutory appeal to the Ninth Circuit and obtained a stay while the appeal was pending. *See* No. 20-cv-02292, Dkt. No. 50 (Jan. 18, 2022). After the issue was fully briefed and the matter was scheduled for argument, the defendant voluntarily dismissed its appeal. *See* No. 21-16618, Dkt. No. 31.

\*\*\*\*\*

For these reasons, the panel should revisit *Batzel* in light of *Will* and rule that interlocutory appeals of anti-SLAPP denials are not available in federal court.

# CONCLUSION

For the reasons above, Plaintiff respectfully requests the en banc panel overrule *Newsham* and rule that California's anti-SLAPP procedures are not available in federal court. In the alternative, should the panel elect not to overrule *Newsham*, it should revisit *Batzel* and rule that interlocutory appeals of anti-SLAPP denials are unavailable in federal court.

Dated: February 20, 2024        By: *_/s/ Benjamin R. Osborn_____*

Ben Osborn
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

[INSERT T&S]

*Attorneys for Plaintiff-Appellee*