No. 22-35305

IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

KIM CARTER MARTINEZ,

*Plaintiff-Appellee,*

v.

ZOOMINFO TECHNOLOGIES INC.,

*Defendant-Appellant.*

Appeal from the United States District Court for the Western District of Washington
District Judge Marsha J. Pechman, No. 3:21-cv-05725-MJP-BNW

## SUPPLEMENTAL EN BANC BRIEF FOR DEFENDANT-APPELLANT ZOOMINFO TECHNOLOGIES INC.

Jeffrey A. Lamken
Lucas M. Walker
Lauren M. Weinstein
Jennifer E. Fischell
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)

Shon Morgan
  *Counsel of Record*
Daniel C. Posner
John W. Baumann
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000 (telephone)
shonmorgan@quinnemanuel.com

*Counsel for ZoomInfo Technologies Inc.*

*(Additional Counsel Listed on Inside Cover)*

Eugene A. Sokoloff
Jordan A. Rice
Kenneth E. Notter III
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
(312) 450-6700 (telephone)
(312) 450-6701 (facsimile)

Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)

Cristina Henriquez
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
(650) 801-5000 (telephone)

*Counsel for ZoomInfo Technologies Inc.*

# TABLE OF CONTENTS

Page

BACKGROUND ..................................................................................................2

I.      Statutory Background ...............................................................................2

II.     ZoomInfo's Directory of Accurate Professional Information ........................3

III.    Procedural History ..................................................................................4

ARGUMENT ......................................................................................................5

I.      This Court Properly Applies California Anti-SLAPP Protections..................5

        A.      California's Anti-SLAPP Law Applies in Federal Court .....................5

        B.      Denial of a California Anti-SLAPP Motion To Strike Is
                Immediately Appealable Under the Collateral-Order Doctrine............8

        C.      *Stare Decisis* Favors Adherence to Precedent ...................................13

II.     Plaintiff's Lawsuit Must Be Dismissed .........................................................14

# TABLE OF AUTHORITIES

Page(s)

CASES

*Abbas v. Foreign Policy Grp., LLC*,
781 F.3d 1328 (D.C. Cir. 2015)........................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................11, 13

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ..........................................*passim*

*Behrens v. Pelletier*,
516 U.S. 299 (1996)...........................................................10

*Burlington N. R.R. Co. v. Woods*,
480 U.S. 1 (1986).............................................................7

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)...........................................................7

*Charles v. City of Los Angeles*,
697 F.3d 1146 (9th Cir. 2012) ...........................................3, 4, 15

*CoreCivic, Inc. v. Candide Grp., LLC*,
46 F.4th 1136 (9th Cir. 2022) ..........................................*passim*

*DC Comics v. Pac. Pictures Corp.*,
706 F.3d 1009 (9th Cir. 2013) .........................................*passim*

*Dex Media W., Inc. v. City of Seattle*,
696 F.3d 952 (9th Cir. 2012) ...........................................3, 15

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994)...........................................................11

*Doe v. Uber Techs., Inc.*,
90 F.4th 946 (9th Cir. 2024) .............................................12

ii

*Englert v. MacDonell*,
  551 F.3d 1099 (9th Cir. 2009) .................................................................9

*Ferri v. Ackerman*,
  444 U.S. 193 (1979) .................................................................................6

*Gasperini v. Ctr. for Humanities, Inc.*,
  518 U.S. 415 (1996) ..........................................................................6, 7, 8

*Godin v. Schencks*,
  629 F.3d 79 (1st Cir. 2010) ...........................................................6, 10, 14

*Graham-Sult v. Clainos*,
  756 F.3d 724 (9th Cir. 2014) .................................................................5

*Henry v. Lake Charles Am. Press, L.L.C.*,
  566 F.3d 164 (5th Cir. 2009) ...............................................................14

*Herring Networks, Inc. v. Maddow*,
  8 F.4th 1148 (9th Cir. 2021) ...............................................................3, 5

*Hilton v. Hallmark Cards*,
  599 F.3d 894 (9th Cir. 2010) .................................................................5

*Hilton v. S.C. Pub. Rys. Comm'n*,
  502 U.S. 197 (1991) ...............................................................................13

*Jarrow Formulas, Inc. v. LaMarche*,
  31 Cal. 4th 728 (2003) ...........................................................................12

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
  341 F.3d 987 (9th Cir. 2003) (en banc) .................................................14

*La Liberte v. Reid*,
  966 F.3d 79 (2d Cir. 2020) .......................................................................7

*Langer v. Kiser*,
  57 F.4th 1085 (9th Cir. 2023) .................................................................5

*Makaeff v. Trump Univ., LLC*,
  715 F.3d 254 (9th Cir. 2013) .................................................................5

*Makaeff v. Trump Univ., LLC,*
736 F.3d 1180 (9th Cir. 2013) ................................................................5, 6, 7, 10

*Martinez v. ZoomInfo Techs., Inc.,*
82 F.4th 785 (9th Cir. 2023) ................................................................4, 10, 12, 15

*Manzari v. Assoc'd Newspapers Ltd.,*
830 F.3d 881 (9th Cir. 2016) ................................................................5

*McCarthy v. Fuller,*
714 F.3d 971 (7th Cir. 2013) ................................................................11

*Metabolife Int'l, Inc. v. Wornick,*
264 F.3d 832 (9th Cir. 2001) ................................................................8

*Mindys Cosms., Inc. v. Dakar,*
611 F.3d 590 (9th Cir. 2010) ................................................................5

*Mitchell v. Forsyth,*
472 U.S. 511 (1985)................................................................*passim*

*Navellier v. Sletten,*
29 Cal. 4th 82 (2002) ................................................................12

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
190 F.3d 963 (9th Cir. 1999) ................................................................5, 7, 13

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress,*
890 F.3d 828 (9th Cir. 2018) ................................................................3, 5, 8, 13

*Plumhoff v. Rickard,*
572 U.S. 765 (2014)................................................................10, 13

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
559 U.S. 393 (2010)................................................................6, 8

*Solomon v. St. Joseph Hosp.,*
62 F.4th 54 (2d Cir. 2023) ................................................................15

*Taus v. Loftus,*
40 Cal. 4th 683 (2007) ................................................................7, 8

*Travelers Cas. Ins. Co. of Am. v. Hirsh*,
   831 F.3d 1179 (9th Cir. 2016) ................................................5, 7, 10, 11

*Tuuamalemalo v. Greene*,
   946 F.3d 471 (9th Cir. 2019) (per curiam) ................................6, 9, 10

*United States v. Heredia*,
   483 F.3d 913 (9th Cir. 2007) (en banc) .........................................13

*Varian Med. Sys., Inc. v. Delfino*,
   35 Cal. 4th 180 (2005) ................................................2, 6, 9, 12

*Will v. Hallock*,
   546 U.S. 345 (2006).................................................9, 10, 11

*Youngevity Int'l Corp. v. Andreoli*,
   749 F. App'x 634 (9th Cir. 2019) .......................................5

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007) ........................................5

### STATUTES AND RULES

28 U.S.C. § 2072(b).................................................8

California Anti-SLAPP Act, Cal. Civ. Proc. Code § 425.16 et seq. .................*passim*

    Cal. Civ. Proc. Code § 425.16.................................................1

    Cal. Civ. Proc. Code § 425.16(a) .......................................2, 9

    Cal. Civ. Proc. Code § 425.16(b)(1) ................................7, 11, 15

    Cal. Civ. Proc. Code § 425.16(c) .......................................3

    Cal. Civ. Proc. Code § 425.16(e) ...................................11, 15

    Cal. Civ. Proc. Code § 425.16(j) .......................................3, 9

    Cal. Civ. Proc. Code § 425.17(b) .......................................4, 15

Fed. R. Civ. P. 12 .................................................7, 8

Fed. R. Civ. P. 56.................................................7, 8

## OTHER AUTHORITIES

15A Wright & Miller, *Federal Practice and Procedure* (3d ed.) ...........................11

To protect free speech from the chilling effect of litigation, California's anti-SLAPP statute allows prompt dismissal of lawsuits that target speech on public issues. Cal. Civ. Proc. Code §425.16. It provides a "substantive immunity from suit"—not merely protection from liability, but a right to be free from the burdens of litigation. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003). This Court thus has repeatedly held that California's anti-SLAPP law, like other immunities, applies to California-law claims in federal court. And it has repeatedly held that, as with other immunities from suit, immediate appeal is available if immunity is denied.

The statute is meant for cases like this. ZoomInfo provides an online professional directory that is entitled to full First Amendment protection. The directory provides concededly accurate, public, and non-sensitive information—here, about plaintiff's role as Political and Legislative Director for a public-sector union. And it offers access to more such information. When plaintiff sued ZoomInfo under California law for offering that access, ZoomInfo moved to strike her suit under California's anti-SLAPP law. When the motion was denied, ZoomInfo appealed.

After affirming on state-law grounds—and while a panel rehearing petition was pending—the Court *sua sponte* ordered en banc consideration of whether to overrule its precedents holding that (1) California's anti-SLAPP law applies in federal court, and (2) denial of a California anti-SLAPP motion to strike is immediately appealable under the collateral-order doctrine.

Those precedents were correctly decided. This Court has repeatedly—and rightly—recognized that California's anti-SLAPP law provides immunity from the burden of California-law suits that target First Amendment freedoms. That substan-

tive right to be free from those burdens properly applies in federal court. And, like other immunities from suit, it would be lost entirely absent the availability of immediate appeal. Overturning those precedents would thwart California's strong interest in preventing litigants from weaponizing California-law claims to chill protected expression. It would encourage precisely the opportunistic forum-shopping that *Erie* is designed to prevent. And *stare decisis* militates against jettisoning decades of repeatedly reaffirmed precedent that safeguards vital free-expression rights.

Plaintiff's suit should be dismissed. Plaintiff alleges no cognizable Article III injury. Her suit targets speech on matters of quintessential public interest—including her role as a public-sector union's political director. And neither the First Amendment nor California law allows liability for ZoomInfo's protected speech.

## BACKGROUND

### I. STATUTORY BACKGROUND

California's anti-SLAPP law was enacted to combat lawsuits that "chill the valid exercise of the constitutional right[] of freedom of speech." Cal. Civ. Proc. Code § 425.16(a). The statute seeks " ' "to prevent [these lawsuits] by ending them early and without great cost to the SLAPP target." ' " *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005). It thus protects defendants not merely from liability at the end of the case, but from the burdens of litigation itself. To fulfill those purposes, anti-SLAPP protections must be "construed broadly." § 425.16(a).

Under § 425.16(b), a suit must be dismissed if a defendant " 'make[s] a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech' " in connection with issues of public

2

interest, unless the plaintiff shows a "'reasonable probability'" of prevailing on the merits. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155-56 (9th Cir. 2021). Where, as here, a defendant challenges the claims' legal sufficiency, the reasonable-probability standard is the same as the Rule 12(b)(6) standard. *Id.*; *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). If the defendant succeeds, it is generally entitled to attorney's fees. § 425.16(c).

To ensure the statutory immunity from suit is effective, the California Legislature made denials of anti-SLAPP motions immediately appealable in state courts. § 425.16(j). "'Without [immediate appeals],'" a defendant whose anti-SLAPP motion is incorrectly denied "'will . . . incur the cost of a lawsuit before having his or her right to free speech vindicated.'" *Batzel*, 333 F.3d at 1025 (quoting legislative report). That would render "'the anti-SLAPP law . . . useless.'" *Id.* (same).

## II. ZOOMINFO'S DIRECTORY OF ACCURATE PROFESSIONAL INFORMATION

Akin to a modern version of the white pages, ZoomInfo provides an online directory of professional contact information. Opening.Br.1, 5. "[D]irectories" of "businesses and professionals" like ZoomInfo's are "entitled to the full protection of the First Amendment." *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 954 (9th Cir. 2012). To "prevent tort actions from choking the truthful promotion of protected speech," that protection extends to "advertisements" for protected works. *Charles v. City of Los Angeles*, 697 F.3d 1146, 1154-56 (9th Cir. 2012); Opening.Br.52-59.

Plaintiff is a Political and Legislative Director for AFSCME, a public-sector union. Opening.Br.6; ER-157 (¶28). If a user were to search ZoomInfo's directory for plaintiff, ZoomInfo would provide a preview profile showing some of her profes-

sional information.  Opening.Br.7-9.  Plaintiff concedes the information is "accurat[e]."  ER-157 (¶28).  She does not contend the information is private; it is publicly available elsewhere.  Opening.Br.9-10.  The complaint alleges that a user who accesses plaintiff's profile may see links offering access to additional information, like her unredacted AFSCME email address.  Opening.Br.10.  Clicking those links offers access to ZoomInfo's full directory, for free or via paid subscription.  *Id.*  Plaintiff nowhere alleges that anyone other than her attorneys viewed her preview profile, which she could have removed from ZoomInfo at any time.  Opening.Br.10, 12.

## III.   PROCEDURAL HISTORY

Plaintiff filed a putative class action under California's right-of-publicity statute and common law.  ER-166-168.  ZoomInfo moved to strike the suit under California's anti-SLAPP law.  The district court denied the motion.  ER-16-17.  On appeal, the panel affirmed on the alternative ground—never mentioned by the district court and barely discussed by plaintiff on appeal—that plaintiff's putative class action falls within the anti-SLAPP law's exemption for suits "brought solely in the public interest."  §425.17(b); *see* 82 F.4th 785, 790-94 (9th Cir. 2023); Resp.Br.11.

ZoomInfo sought panel rehearing.  It argued that the panel misconstrued the law's narrow exception for suits "solely in the public interest," reading it so broadly as to exempt virtually *all class actions* from anti-SLAPP protections.  Pet.7-16 (ECF #75-1).  Without ruling on the petition, the panel ordered supplemental briefing on whether the Court should reconsider its California anti-SLAPP precedents en banc.  Plaintiff and ZoomInfo both opposed rehearing en banc.

The Court ordered rehearing en banc, vacated the panel decision, and request-

ed additional briefing on whether the Court "should overrule its prior precedent holding (1) that California's anti-SLAPP statute applies in federal court; and (2) that the denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine." ECF #89.

**ARGUMENT**

For decades, this Court has held that California's anti-SLAPP law applies in federal court and that denials of California anti-SLAPP motions are immediately appealable under the collateral-order doctrine.[1] Those precedents are correct, and this Court has repeatedly declined to overturn them.[2] It should do so again here.

**I.  THIS COURT PROPERLY APPLIES CALIFORNIA ANTI-SLAPP PROTECTIONS**

**A.  California's Anti-SLAPP Law Applies in Federal Court**

To prevent chill of First Amendment freedoms, California's anti-SLAPP law creates a right to be free from the " 'burdens of litigat[ing]' " meritless lawsuits tar-

---

[1] *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (California anti-SLAPP law applies in federal court); *Batzel*, 333 F.3d at 1025-26 (denial of California anti-SLAPP motion appealable as collateral order); *Langer v. Kiser*, 57 F.4th 1085, 1104-05 (9th Cir. 2023); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140-43 (9th Cir. 2022); *Herring*, 8 F.4th at 1155; *Youngevity Int'l Corp. v. Andreoli*, 749 F. App'x 634, 634 (9th Cir. 2019); *Planned Parenthood*, 890 F.3d at 832-35; *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1180-81 (9th Cir. 2016); *Manzari v. Assoc'd Newspapers Ltd.*, 830 F.3d 881, 887 (9th Cir. 2016); *Graham-Sult v. Clainos*, 756 F.3d 724, 735 (9th Cir. 2014); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013); *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015-16 (9th Cir. 2013); *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 & n.2 (9th Cir. 2010); *Mindys Cosms., Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007).

[2] *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013); *CoreCivic*, No. 20-17285, Dkt. 79 (9th Cir. Oct. 20, 2022); *Youngevity*, No. 18-55031, Dkt. 50 (9th Cir. Apr. 1, 2019); *Planned Parenthood*, No. 16-16997, Dkt. 74 (9th Cir. Aug. 23, 2018).

geting protected expression on public issues. *Varian*, 35 Cal. 4th at 193. That right

is a "substantive immunity from suit," not merely from liability. *Batzel*, 333 F.3d at

1025; *see* pp. 9, 12-13, *infra*. Such state-law immunities properly apply when state-

law claims are asserted in federal court: "[W]hen state law creates a cause of action,

the State is free to define the defenses to that claim, including the defense of immu-

nity, unless . . . the state rule is in conflict with federal law." *Ferri v. Ackerman*, 444

U.S. 193, 198 (1979); *see, e.g.*, *Tuuamalemalo v. Greene*, 946 F.3d 471, 476, 478

(9th Cir. 2019) (*per curiam*) (applying state-law immunity from suit).

    1.    There is no conflict that would justify refusing to apply California anti-

SLAPP immunity to the California-law claims asserted here. To determine whether

state law applies in federal court, courts first ask whether there is a "'direct

collision'" between state law and a federal rule—*i.e.*, whether state law and a federal

rule "'answer the same question'" differently. *CoreCivic*, 46 F.4th at 1141-42 (dis-

cussing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393

(2010)). If not, courts determine whether the state law is "'substantive'"—and thus

applicable in federal court—in light of *Erie*'s "'twin aims'" of "'discourag[ing]

forum-shopping'" and "'avoid[ing] inequitable administration of the laws.'"

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427-28 (1996).

    This Court has correctly held that California's anti-SLAPP law neither an-

swers the same question as, nor directly collides with, any federal rule. *CoreCivic*,

46 F.4th at 1142-43; *see Makaeff*, 736 F.3d at 1182 (Wardlaw & Callahan, JJ.,

concurring in denial of reh'g en banc); *cf. Godin v. Schencks*, 629 F.3d 79, 87-91

(1st Cir. 2010). California's anti-SLAPP law provides immunity from certain suits

6

targeting speech on public issues. No federal rule speaks to that immunity, much less in a way that "leav[es] no room for the operation of [state] law." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 5 (1986); *see* Reporters.Br.13-24 (ECF #95).

California's anti-SLAPP law is also substantive under *Erie*. To prevent chilling protected speech, it affords defendants a right not to be subject to the burdens of litigation—"substantive immunity from suit"—if certain standards are met. *Batzel*, 333 F.3d at 1025. If it did not apply in federal court, plaintiffs would have strong incentives to avoid state court and file in federal court, to deny defendants *sued* under California law the *immunity* that California law affords. That risk of "'forum-shopping'" and "'inequitable administration of the laws'" confirms the "manifestly substantive" nature of California's anti-SLAPP protections. *Gasperini*, 518 U.S. at 428-29; *see Newsham*, 190 F.3d at 973; FAC.Br.27-29 (ECF #90). The law's "fee-shifting" for "prevailing" defendants is likewise "substantive" and applies in federal court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991); *see* Reporters.Br.13-27.

2. While some have asserted a conflict between the anti-SLAPP statute's "probability" standard, §425.16(b)(1), and Fed. R. Civ. P. 12 and 56,[3] the alleged conflict is illusory—no departure from Rule 12 and 56 standards is required.[4]

---

[3] *Travelers*, 831 F.3d at 1183 (Kozinski, J., concurring); *Makaeff*, 736 F.3d at 1188-89 (Watford, J., dissenting from denial of reh'g en banc); *La Liberte v. Reid*, 966 F.3d 79, 86-88 (2d Cir. 2020); *cf. Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1334 (D.C. Cir. 2015) (D.C. anti-SLAPP law).

[4] As Judges Wardlaw and Callahan have explained, the anti-SLAPP law's so-called "probability" standard does not impose heightened pleading or evidentiary standards or require "'weigh[ing] conflicting evidence.'" *Makaeff*, 736 F.3d at 1182-83 (opinion concurring in denial of reh'g en banc) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 714 (2007)). It instead asks whether "the claim is legally sufficient" and whether "there is sufficient evidence to establish a prima facie case with respect to the claim,"

Regardless, this Court has already resolved any conflict with federal standards: Where an anti-SLAPP motion to strike is based on legal sufficiency, Rule 12 standards govern; where the motion is based on factual sufficiency, Rule 56 standards govern. *Planned Parenthood*, 890 F.3d at 833-34; *CoreCivic*, 46 F.4th at 1143; Reply.25-26. Likewise, federal discovery rules govern anti-SLAPP motions. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001).

That approach properly "give[s] effect to the substantive thrust" of California's anti-SLAPP law "without untoward alteration of the federal scheme" for deciding case-dispositive motions. *Gasperini*, 518 U.S. at 426; *see id.* at 437 (adopting approach to review of state-law damages awards that "accommodate[s]" "principal state and federal interests"). Insofar as the anti-SLAPP law supplies different standards from the Federal Rules, that at most supports refusing to apply those different standards—not refusing to apply the law entirely. Federal rules thus may provide *procedures for assessing* a defendant's immunity from suit under California's anti-SLAPP law, but they do not eliminate *the right itself*.[5]

## B. Denial of a California Anti-SLAPP Motion To Strike Is Immediately Appealable Under the Collateral-Order Doctrine

1. Denial of "an *immunity from suit*," unlike "a mere defense to liability," is immediately appealable under the collateral-order doctrine because that immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v.*

---

*Taus*, 40 Cal. 4th at 714—the same inquiry as under Rules 12 and 56, respectively.

[5] A contrary result would construe Rules 12 and 56 to exceed the bounds of the Rules Enabling Act. Federal rules "shall not abridge . . . any substantive right," 28 U.S.C. § 2072(b), including any state law that "is part of a State's framework of substantive rights or remedies," *Shady Grove*, 559 U.S. at 419 (Stevens, J., concurring).

*Forsyth*, 472 U.S. 511, 526 (1985).  The Supreme Court thus has repeatedly held that denials of motions asserting immunity from suit—including qualified immunity, absolute immunity, sovereign immunity, and double jeopardy—are immediately appealable.  *See id.* at 526-27; *Will v. Hallock*, 546 U.S. 345, 350 (2006).  This Court has likewise repeatedly held immediate appeals lie from denials of "immunity under state law" where " 'the immunity functions as an *immunity from suit*' " and not merely a " 'defense to liability.' "  *Tuuamalemalo*, 946 F.3d at 476 (emphasis added).

California's anti-SLAPP law affords an "immunity from suit" supporting immediate appeal.  *Batzel*, 333 F.3d at 1025-26; *DC Comics*, 706 F.3d at 1015.  It protects defendants from being subjected to "judicial process" based on their "valid exercise of the constitutional rights of freedom of speech."  Cal. Civ. Proc. Code § 425.16(a).  It is a shield from the " 'burdens of litigation' "—" 'a right *not* to be dragged through the courts.' "  *Varian*, 35 Cal. 4th at 193.  That is why California's Legislature made denial of anti-SLAPP motions immediately appealable in state court.  § 425.16(j).  Absent immediate appeal, it found, " 'a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated,' " rendering anti-SLAPP protections " 'useless.' "  *Batzel*, 333 F.3d at 1025 (quoting legislative report).  That confirms "California lawmakers wanted to protect speakers *from the trial itself* rather than merely from liability."  *Id.* (emphasis added).[6]

---

[6] "[F]ederal law is controlling" on "the availability of appellate review here."  *Englert v. MacDonell*, 551 F.3d 1099, 1107 (9th Cir. 2009).  But the fact that California's "legislature provided an appeal unique to its anti-SLAPP statute" confirms "its purpose was to confer *immunity from suit*"—the sort of immunity that supports immediate appeal under the federal collateral-order doctrine.  *Id.* (emphasis added).  "For claims of immunity under state law, 'the availability of an appeal depends on wheth-

9

2.      That conclusion reflects a straightforward application of the collateral-order doctrine.  That doctrine allows immediate appeals of orders that " '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment.' "  *Will*, 546 U.S. at 349.  The Supreme Court has made clear that orders denying an entitlement to " ' "immunity from suit" ' " meet those criteria: "[S]uch orders conclusively determine whether the defendant is entitled to immunity from suit; this immunity issue is both important and completely separate from the merits of the action, and this question could not be effectively reviewed on appeal from a final judgment because by that time the immunity from standing trial will have been irretrievably lost." *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014).  The same is true for denials of immunity under the anti-SLAPP statute.

*First*, denial of an anti-SLAPP motion "conclusive[ly]" determines whether a defendant is entitled to immunity from suit.  *Batzel*, 333 F.3d at 1025.  Even critics of immediate anti-SLAPP appeals do not contest that element.  *See* 82 F.4th at 796 (Desai, J., concurring); *Travelers*, 831 F.3d at 1184 (Kozinski, J., concurring).

*Second*, "immunity [from suit]" is "conceptually distinct from the merits of the plaintiff's claim," and thus "separate from the merits . . . for purposes of" the collateral-order doctrine.  *Mitchell*, 472 U.S. at 527-29; *see Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) (" 'entitlement not to stand trial or face the other burdens of

---

er, under *state* law, the immunity functions as an immunity from suit or only as a defense to liability.' " *Tuuamalemalo*, 946 F.3d at 476; *see also Schwern v. Plunkett*, 845 F.3d 1241, 1244-45 (9th Cir. 2017); *cf. Godin*, 629 F.3d at 85.

litigation'" is "distinct from the merits"); *Batzel*, 333 F.3d at 1025; *Makaeff*, 736 F.3d at 1186 (Wardlaw & Callahan, JJ., concurring in denial of reh'g en banc); *McCarthy v. Fuller*, 714 F.3d 971, 975 (7th Cir. 2013); FAC.Br.14-18 (ECF #90). That is true "even though a reviewing court must consider the plaintiff's factual allegations in resolving the immunity issue." *Mitchell*, 472 U.S. at 529; *see Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) (court may consider "sufficiency of [the] pleadings" on collateral-order immunity appeal); 15A Wright & Miller, *Federal Practice and Procedure* § 3914.10 (3d ed.).[7]

Immunity is also "sufficiently important" to merit immediate appeal. *Will*, 546 U.S. at 347. When a "statutory provision entitl[es] a party to immunity from suit (a rare form of protection), there is little room for the judiciary to gainsay its 'importance.'" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994). And it "would be difficult to find a value of a 'high[er] order' than the constitutionally-protected rights to free speech and petition that are at the heart of California's anti-SLAPP statute." *DC Comics*, 706 F.3d at 1015-16. California's protection of those rights "deserve[s] particular solicitude within the framework of

---

[7] Any concern about overlap with "the merits," *Travelers*, 831 F.3d at 1184-85 (Kozinski, J., concurring), is thus misplaced. If anything, anti-SLAPP immunity from suit is *more* distinct from the merits than immunity from suit in qualified-immunity cases. Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation'"; the same essential inquiry (whether the defendant violated clearly established law) governs both liability and immunity. *Iqbal*, 556 U.S. at 672. Immunity from suit under California's anti-SLAPP law, by contrast, requires a *separate* inquiry into whether a claim targets acts in furtherance of free-speech rights "in connection with a public issue," before considering whether the claim is legally viable. Cal. Civ. Proc. Code § 425.16(b)(1), (e); *see* FAC.Br.14-18.

the collateral order doctrine." *Id.* at 1016; *see* FAC.Br.7-8, 19-27.

*Finally*, because California's anti-SLAPP law "is designed to protect the defendant from having to *litigate* meritless cases aimed at chilling First Amendment expression," "denial of an anti-SLAPP motion would effectively be unreviewable on appeal from a final judgment." *Batzel*, 333 F.3d at 1025 (emphasis added). Like other immunities from suit, that right to avoid litigation's burdens is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526-27. It cannot be vindicated at the conclusion of proceedings because the whole point is to protect defendants from being "'dragged through'" those "very proceeding[s]" in the first place. *Varian*, 35 Cal. 4th at 192-93; *see* FAC.Br.10-13; Reporters.Br.5-10.

3.  The California Supreme Court has not "rejected" *Batzel*'s holding that the State's anti-SLAPP law affords "immunity from suit." 82 F.4th at 794-95 (Mc-Keown, J., concurring); *see id.* at 796 (Desai, J., concurring). In *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728 (2003), and *Navellier v. Sletten*, 29 Cal. 4th 82 (2002), the California Supreme Court was referring to immunity *from liability*, explaining that the anti-SLAPP law does not "allow[] a defendant to escape the consequences of wrongful conduct by asserting a spurious First Amendment defense." *Navellier*, 29 Cal. 4th at 93; *see* FAC.Br.8-10. That court has since made clear that the law *does* afford immunity *from suit*: It affords "'a right *not* to be dragged through the courts because you exercised your constitutional rights'"—a protection from "'burdens of litigation'" that is "'lost if the [defendant] is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process.'" *Varian*, 35 Cal. 4th at 193. That view of the statute is "'binding on [this

12

Court] as to California law.'" *Doe v. Uber Techs., Inc.*, 90 F.4th 946, 949 (9th Cir. 2024). The "entitlement not to stand trial or face the other burdens of litigation" is a paradigmatic "*immunity from suit.*" *Mitchell*, 472 U.S. at 526.[8]

### C. *Stare Decisis* Favors Adherence to Precedent

This Court does not "lightly" overturn precedent. *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc). There is no justification for departing from *stare decisis* here. *Batzel* and *Newsham* are well-settled, longstanding precedents. They have been repeatedly applied and reaffirmed. *DC Comics*, 706 F.3d at 1014-16; *CoreCivic*, 46 F.4th at 1140-43; p. 5, nn.1-2, *supra*. They accord with treatment of other immunities from suit. *See* pp. 8-12, *supra*.

Insofar as some disagree with *Batzel*'s holding that California's anti-SLAPP statute provides *substantive immunity from suit*, that conflicts with the authoritative understanding of California's Supreme Court. *See* pp. 12-13, *supra*. Regardless, overturning *Batzel*'s construction would require especially compelling justification: "'Considerations of *stare decisis* have special force in the area of statutory interpretation.'" *Hilton v. S.C. Pub. Rys. Comm'n*, 502 U.S. 197, 202 (1991). And where construction of *state* law is at issue, federalism counsels further restraint.

Nor is there a relevant circuit split. Federal courts declining to apply state

---

[8] Concern that anti-SLAPP appeals could involve fact-intensive analysis is likewise misplaced. No fact-intensive inquiry is involved where, as here, an appeal from denial of an anti-SLAPP motion is based on the claim's legal sufficiency. *See Planned Parenthood*, 890 F.3d at 833-34; pp. 7-8, *supra*; FAC.Br.13-14. At most, as with qualified immunity, appeal might be unavailable where denial of an anti-SLAPP motion "merely decide[s] 'a question of "evidence sufficiency," *i.e.*, which facts a party may, or may not, be able to prove at trial,'" rather than a claim's legal sufficiency. *Plumhoff*, 572 U.S. at 772-73; *see Iqbal*, 556 U.S. at 673-75.

anti-SLAPP laws largely rely on the laws' putative "heightened pleading standards." *CoreCivic*, 46 F.4th at 1143. But no such heightened standards are at issue here. *See* pp. 7-8, *supra*. Multiple circuits have endorsed *Batzel*'s reasoning. *Godin*, 629 F.3d at 86; *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 173-81 (5th Cir. 2009). And proper resolution of the issues "depend[s] on the particular features of each state's law" regardless. *DC Comics*, 706 F.3d at 1016.

Eliminating California anti-SLAPP protections in federal court would cause major harm. The press, individuals, and others rely on those protections to vindicate free-speech rights without enduring costly litigation designed to punish and chill speech. Reporters.Br.5-10; FAC.Br.19-27. California's effort to prevent weaponization of California-law claims "deserves respect." *DC Comics*, 706 F.3d at 1016.

## II. PLAINTIFF'S LAWSUIT MUST BE DISMISSED

Rather than overrule settled precedent and weaken free-speech protections, the Court can—and should—order plaintiff's suit dismissed. " '[T]he *en banc* [Court] assumes jurisdiction over the entire case, . . . regardless of the issue or issues that may have caused any member of the Court to vote to hear the case *en banc*.' " *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 995 (9th Cir. 2003) (en banc). Existing law makes clear that plaintiff's case cannot proceed.

Plaintiff lacks Article III standing. Opening.Br.21-38; Reply.2-14. She asserts "injury" from so-called "advertisements" displayed on her ZoomInfo preview profile. But she nowhere alleges that anyone (except her lawyers) ever did, or imminently will, actually search for and view her preview profile, as would be required for the offending "advertisements" to be displayed. She thus fails to allege any

*actual or imminent* injury-in-fact. Nor does she allege *concrete* injury-in-fact. The supposed harms she asserts are not analogous to harms actionable at the Framing, and they are inadequately pleaded regardless. That alone dooms her lawsuit.[9]

The suit also fails under California's anti-SLAPP statute. Opening.Br.38-61; Reply.14-30. It targets speech—a professional directory (and "advertisements" for that work)—entitled to full First Amendment protection. *Dex*, 696 F.3d at 954; *Charles*, 697 F.3d at 1154. That speech concerns "issue[s] of public interest," §425.16(b)(1), (e)—especially given plaintiff's position as a union's Political and Legislative Director. And plaintiff fails to plead a viable claim. California right-of-publicity claims do not reach ZoomInfo's directory or advertisements for that protected work. Nor does the First Amendment allow liability for such speech.

The panel's view that this suit falls within the anti-SLAPP law's exception for suits "brought solely in the public interest," §425.17(b), is flatly mistaken—indeed, it would *exempt virtually every class action* from anti-SLAPP protections. Pet.7-16. Plaintiff's request for personal relief forecloses resort to that exception. Reply.24-25; Pet.9-13. And far from vindicating purely public interests, plaintiff asserts *private* interests that would impair the *public's* interest in convenient access to accurate information about professionals that shape American public life.

---

[9] As the panel noted, this Court has an obligation to assure itself of its and the district court's jurisdiction, "including the threshold question of constitutional standing." 82 F.4th at 789; *see* Reply.3. It may not need to decide jurisdiction "under the collateral-order doctrine" before addressing the district court's lack of jurisdiction. *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 69 (2d Cir. 2023). But even if appellate jurisdiction must be addressed first, appellate jurisdiction is clear under existing precedent. *See Batzel*, 333 F.3d at 1025; 82 F.4th at 789. The Court thus may order this suit dismissed for lack of standing without revisiting its anti-SLAPP precedents.

February 20, 2024

Respectfully submitted,

s/ Jeffrey A. Lamken

Shon Morgan
   *Counsel of Record*
Daniel C. Posner
John W. Baumann
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000 (telephone)
shonmorgan@quinnemanuel.com

Cristina Henriquez
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
(650) 801-5000 (telephone)

Jeffrey A. Lamken
Lucas M. Walker
Lauren M. Weinstein
Jennifer E. Fischell
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)

Eugene A. Sokoloff
Jordan A. Rice
Kenneth E. Notter III
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
(312) 450-6700 (telephone)
(312) 450-6701 (facsimile)

Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)

*Counsel for ZoomInfo Technologies Inc.*

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 22-35305

I am the attorney or self-represented party.

**This brief contains 15 pages and 4434 words,** including 0 words manually

counted in any visual images, and excluding the items exempted by FRAP 32(f).

The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

**[x]** complies with the length limit designated by court order dated February 1, 2024.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Jeffrey A. Lamken        **Date** February 20, 2024
*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 8**      *Rev. 12/01/22*