*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

———————— • ————————

KIM CARTER MARTINEZ,
on behalf of herself and all others similarly situated,
*Plaintiff-Appellee,*

v.

ZOOMINFO TECHNOLOGIES INC., a Delaware corporation,
*Defendant-Appellant.*

_____

*On Appeal from the United States District Court for the Western District of Washington (Tacoma),*
*Senior District Judge Marsha J. Pechman, No. 3:21-cv-05725-MJP-BNW*

## AMICIS' REPLY TO DEFENDANT-APPELLANT'S RESPONSE TO MOTION OF AMICI CURIAE TO PARTICIPATE IN ORAL ARGUMENT

PATRICK M. RYAN
*pryan@bartkolaw.com*
CHAD E. DEVEAUX
*cdeveaux@bartkolaw.com*
TYLER M. CUNNINGHAM
*tcunningham@bartkolaw.com*
TAYLOR YAMAHATA
*tyamahata@bartkolaw.com*
**BARTKO LLP**
One Embarcadero Center, Suite 800, San Francisco, California 94111
Telephone: (415) 956-1900

*Attorneys for Amici Curiae the Los Angeles Times,*
*the California Hospital Association, and Dan Kanes*

 

Amici respectfully request twenty minutes of argument time at the March 19, 2024 en banc hearing. Defendant-Appellant ZoomInfo "opposes [Amicis']  motion" to the extent that "argument time" would "be taken from [it]."[1] ECF #114 at 1. Given the gravity of the questions at issue, Amicis' preference would be to extend the hearing to facilitate robust argument of the important issues before the en banc panel. But if that is not possible, ZoomInfo's opposition illustrates why it is critical that it cede some of its time to Amici in this case.

ZoomInfo's supplemental brief admits that the Court ordered en banc review to address two questions: "whether the Court 'should overrule its prior precedent holding (1) that California's anti-SLAPP statute applies in federal court; and (2) that denial of a motion to strike under California's anti-SLAPP statute is immediately appealable under the collateral order doctrine.'" ECF #113 at 5 (quoting ECF #89). Despite these clear instructions, ZoomInfo principally opposes Amicis' participation because it plans to use the precious "argument time" available trying to convince the en banc panel to "reconsider [other] issues the [three judge] panel formerly decided against ZoomInfo"—i.e., whether the panel erred in refusing to "dismiss[] . . . plaintiff's action." *See* ECF #113 at 1, 2. Indeed, ZoomInfo's supplemental brief clearly telegraphs its gameplan for oral argument.

[1] Amici submit this brief pursuant to Fed. R. App. Proc. R. 27(a)(4).

It devoted 843 of its 4,434 words—nearly 20 percent of its brief—to repeating its arguments that "Plaintiff's suit should be dismissed" on the merits. ECF #113 at 2; *see also id.* at 1–5, 14–15.

The motive behind ZoomInfo's windmill-tilting is clear. It previously admitted that it has no "practical stake in the outcome" of the two questions that will actually be addressed by the en banc panel. ECF #78 at 1. As far as ZoomInfo is concerned these questions present "a purely academic exercise" because they simply concern "*alternative* grounds for the *same* outcome: denial of ZoomInfo's anti-SLAPP motion . . . ." *Id.* at 7 (emphasis in original).

But as the multiple amici briefs filed in defense of the anti-SLAPP law's continued application in federal court make clear, thousands of Californians—including the undersigned Amici—*do* have a significant personal stake in the Court's resolution of these questions. "Ours is essentially an adversarial, not an inquisitorial, system." *U.S. v Weinstein*, 511 F.2d 622, 628 (2d Cir. 1975). In such a system, "the quality of decisions rendered by the judiciary depends in large part on the quality and correctness of arguments made and supported by the litigants." *U.S. for Use & Benefit of S.E. Mun. Supply Co., Inc. v. Nat'l Union Fire Co.*, 876 F.2d 92, 93 n.2 (11th Cir. 1989) (citation omitted). When a party lacks the incentive to vigorously address the *actual* questions at bar, amici participation is vital. Otherwise, the Court will be "le[ft] . . . without the adversarial argument on

2

which the judicial process depends." *See Moore as Next Friend to Moore v. Tangipahoa Parish Sch. Bd.*, 912 F.3d 247, 251 (5th Cir. 2018). Accordingly, the Court should grant Amicis' motion.

Dated: February 23, 2024          Respectfully submitted,

         /s/ Chad E. DeVeaux
         Chad E. DeVeaux
         *cdeveaux@bartkolaw.com*
         BARTKO LLP
         One Embarcadero Center, Suite 800
         San Francisco, California 94111
         (415) 956-1900

         *Attorneys for Amici Curiae the Los Angeles Times, the California Hospital Association, and Dan Kanes*